## CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth Biotechnologies, Inc.

v.

Virginia Commonwealth University
and The Comptroller of Virginia

May 8, 2002

Case No. HQ-870-4

BY JUDGE RANDALL G. JOHNSON

This is a declaratory judgment action brought by Commonwealth Biotechnologies, Inc. ("CBI") against Virginia Commonwealth University ("VCU") and the Comptroller of Virginia. It is presently before the court on defendants' plea of sovereign immunity, demurrer, and motion craving oyer.

CBI is a Virginia corporation involved in molecular biology and genetics research. The amended bill of complaint alleges that in February 1999, an assistant professor at VCU approached CBI's president and proposed that CBI and VCU collaborate to prepare and submit a grant application to the United States Department of Health and Human Services. CBI and VCU thereafter entered into a contract under which CBI agreed to prepare a distinct portion of the grant application and authorized VCU to use its name and the names of its employees in the submission of the application. In addition, if the grant was awarded to VCU, CBI agreed to perform the research proposed by CBI in the application. In exchange, VCU agreed to subcontract to CBI the portion of the grant corresponding to the portion of the grant application prepared by CBI if the grant was awarded to VCU. CBI used its expertise in preparing grant applications, as well as in molecular biology and genetics, to develop, design, draft, and edit a portion of the grant application pursuant to its contract with VCU.

The amended bill of complaint further alleges that the proposed grant application was submitted by VCU to the Department of Health and Human Services. The application contemplated four successive years of research and contained CBI's work, including CBI's exact budget figures, which were referred to in the application as "contractual costs." CBI was specifically identified in the application as the site where portions of the research would be performed, and CBI's employees were specifically identified as performing portions of the research.

In April 2000, the Department of Health and Human Services awarded VCU a three-year grant for the amount requested in the application for the first three years of research, and VCU accepted the grant funds. VCU has refused, however, to permit CBI to perform any of the work contemplated in the application even though CBI has at all times been ready, willing, and able to perform such work. CBI has made demand upon VCU under former Va. Code § 2.1-223.1.

Former Code § 2.1-223.1, which was in effect at the time of the events giving rise to this action, provided:

> Any person having any pecuniary claim against the Commonwealth upon any legal ground shall present the same to the head of the department, division, institution, or agency of the Commonwealth responsible for the alleged act or omission which, if proved, gives rise to such claim; provided, however, that whenever the claimant cannot identify such alleged act or omission with any single department, division, institution, or agency of the Commonwealth, then the claim shall be presented to the Comptroller.

Title 2.1 was repealed effective October 1, 2001. The provisions of the above section, with minor changes not material to this action, are now contained in § 2.2-814(A).

The amended bill of complaint contains five counts. Count I alleges a breach of the contract entered into by CBI and VCU. Count II alleges that CBI is a third-party beneficiary of the contract between VCU and the Department of Health and Human Services. Under that theory, CBI alleges that, since it was an intended beneficiary under Health and Human Services' grant to VCU, VCU is obligated to honor its commitment to allow CBI to perform research under the grant. Count III, which is pleaded as an alternative to Count I, alleges an implied contract between CBI and VCU based on the fact that VCU told the Department of Health and Human Services that CBI and CBI's employees would be performing research under

the grant. Count IV, which is pleaded as another alternative, is titled "Quantum Meruit/Unjust Enrichment." In that count, CBI seeks payment for the reasonable value of its services and out-of-pocket expenditures in preparing the grant proposal. Otherwise, according to CBI, VCU will be unjustly enriched. Count V, which is titled "Declaratory Judgment," alleges that CBI has suffered and will continue to suffer irreparable injury because of VCU's refusal to allow CBI to perform its portion of the research called for in the grant. As relief, CBI seeks a declaratory judgment that VCU has breached its contract with CBI and its contract with the Department of Health and Human Services to which CBI is a third-party beneficiary. Alternatively, CBI asks for a declaratory judgment that VCU has breached its implied contract with CBI, or, as yet another alternative, that VCU has been unjustly enriched. CBI also seeks compensatory damages in the amount of "at least" $227,645, which is the amount contained in the grant application for the research contemplated to have been performed by CBI in the first two years of the grant, plus $101,317, which is the amount contained in the application for CBI's research in the third year.

VCU and the Comptroller, who is named as a defendant pursuant to Va. Code § 8.01-193, have filed a plea of sovereign immunity, a demurrer, and a motion craving oyer. The plea of sovereign immunity is directed at Counts III and IV of the amended bill of complaint, the counts which plead in the alternative an implied contract and quantum meruit/unjust enrichment. It is defendants' position that Virginia law does not allow the Commonwealth to be sued under those theories.

In their demurrer, defendants claim that the amended bill of complaint fails to allege that CBI has complied with the statutory requirements for suing the Commonwealth in two respects. First, they claim that CBI has failed to allege that the Comptroller has denied CBI's claim as required by Va. Code § 8.01-192. Second, they assert that CBI has failed to allege compliance with the Virginia Procurement Act, former Va. Code §§ 11-35 et seq.[1] In their motion craving oyer, defendants ask the court to require CBI to produce any and all contracts or other documents which CBI claims give rise to a binding commitment on the part of VCU or the Commonwealth of Virginia to use CBI in the research grant, to specify the terms of such document(s) that have been breached, and to identify the person(s) who

---

[1] Like Title 2.1 of the Code, §§ 11-35 through 11-80 were repealed effective October 1, 2001. The relevant provisions have been recodified as §§ 2.2-4300 through 2.2-4377. The recodified sections contain no changes that would affect the issues currently under consideration.

breached them. If such documents and specifications are not produced, defendants ask the court to dismiss the action. Each of defendants' pleadings will be discussed in turn.

## I. *Sovereign Immunity*

Defendants argue that CBI's claims based on implied contract, quantum meruit, and unjust enrichment are barred by sovereign immunity. While defendants concede that sovereign immunity does not bar contract claims against the Commonwealth, it is their position that claims of implied contract, quantum meruit, and unjust enrichment are founded in tort and are barred. CBI, on the other hand, argues that such claims are not barred and cites two cases in which the Supreme Court of Virginia allowed quantum meruit claims against municipalities exercising proprietary functions. In *Leonard v. Town of Waynesboro*, 169 Va. 376, 193 S.E. 503 (1937), which involved the construction of a water line, the Court said:

> When a municipality enters into the business of operating a water plant it is acting in its proprietary, or *quasi* private, capacity for the private advantage of its inhabitants and of the municipality itself. It exercises business functions rather than those governmental in their nature. In the exercise of those functions the municipality is governed largely by the same rules as those applicable to private corporations or individuals engaged in the same business. Transactions touching such business should receive the same construction by the courts as like ones between private corporations or individuals.

169 Va. at 383-84.

The Court held that even in the absence of an express contract, the municipality was "obligated to pay, on a quantum meruit, those who constructed the line." *Id.* at 383.

Similarly, in *Mount Jackson v. Nelson*, 151 Va. 396, 145 S.E. 355 (1928), after holding that a contract between a municipality and private parties (plaintiffs) who were to supply materials and labor for the construction of a water main for the municipality was, at least to some extent, unlawful and ultra vires, the Supreme Court said:

> If this entire contract were *ultra vires*, plaintiffs could still recover on a *quantum meruit*. The town has retained and controls this main designed for the benefit of consumers generally and through which

they can deliver water at a profit. In such circumstances the obligation to pay is as complete as it would be to pay for a right of way bought and held for this pipe. No one would claim that it could keep such an easement and not pay for it.

151 Va. at 407.

While the above cases are still the law of the Commonwealth, they do not apply to the case-at-bar. As the present defendants correctly point out, distinctions between governmental functions and proprietary functions do not apply to state government:

> Recovery on the basis of quantum meruit has been allowed against a municipality exercising a proprietary function. *Leonard v. Town of Waynesboro*, 169 Va. 376, 193 S.E. 503 (1937); *Mount Jackson v. Nelson*, 151 Va. 396, 145 S.E. 355 (1928). However, that analysis is not applicable to the powers and protections of the state.

*Flory Small Business Dev. Ctr. v. Commonwealth*, 261 Va. 230, 237 n.3, 541 S.E.2d 915 (2001).

Likewise, in *Halberstam v. Commonwealth*, 251 Va. 248, 467 S.E.2d 783 (1996), in which the proper construction of Virginia's Tort Claims Act was at issue, the Court said:

> Halberstam argues at length that strict construction is not required because the Commonwealth was not immune for claims based on its proprietary actions under the common law and, thus, the Act did not waive any common law immunity. Halberstam misapplies the dichotomy between proprietary and governmental acts as they relate to questions of governmental immunity. Most of the cases relied on by Halberstam are inapposite because they involved the type of immunity available to municipalities, or to individual government employees sued in their individual capacity, not the immunity of the Commonwealth or its agencies. In no case has the Commonwealth or its agencies been held liable for damages in a tort cause of action based on an activity labeled proprietary by this Court.

251 Va. at 251, n. 1.

Thus, the rationales and holdings of *Leonard v. Town of Waynesboro* and *Mount Jackson v. Nelson* simply do not apply.

Also inapplicable to defendants' plea of sovereign immunity is the holding in *Wiecking v. Allied Medical Supply*, 239 Va. 548, 391 S.E.2d 258

(1990), also relied on by CBI. In *Wiecking*, the Chief Medical Examiner for the Commonwealth met with the president of Allied Ambulance Service, Inc., and reached an oral agreement that Allied would transfer dead bodies to the morgue in Richmond under certain circumstances not here relevant. Thereafter, Allied transported dead bodies to the morgue when called upon by the medical examiner's office, billed the local medical examiner for the service, and received payment in full from the Commonwealth for each such service. That arrangement continued without incident for approximately nine years. Later, the Commonwealth suspended payment of Allied's bills, although Allied continued to receive calls from the medical examiner's office to transport dead bodies from the point of death to the morgue, and continued to furnish the service in response to each call. When the Commonwealth continued to refuse payment, Allied filed suit and received a judgment in the trial court. On appeal, the Commonwealth argued that Allied's claim was barred by sovereign immunity. After a detailed discussion, including consideration of numerous cases from other jurisdictions, the Commonwealth's argument was rejected:

> [W]e hold that the doctrine of sovereign immunity has no application in actions based upon valid contracts entered into by duly authorized agents of the government. The sovereign is as liable for its contractual debts as any citizen would be, and that liability may be enforced by suit in the "appropriate circuit court," Code § 8.01-192, if proper and timely proceedings are taken.

239 Va. at 553.

As is clear from the above quote, sovereign immunity has no application to valid contracts entered into by duly authorized agents of the government. No mention is made of quasi-contracts. CBI, however, points to the following language in *Wiecking*, to support its argument:

> [T]he enactment of tort-claims legislation leaves unimpaired the existing remedies against the government for breaches of contract, *even for contracts implied in fact which contain elements of a tort.*

239 Va. at 552 (*citing Hatzlachh Supply Co. v. United States*, 444 U.S. 460, 466 (1980) (emphasis added).

While the above language is true for contracts implied in fact, it is not true for contracts implied in law. The distinction is important and is expressed as follows in Michie's Jurisprudence of Virginia and West Virginia:

A contract implied in fact is a true contract, the agreement of the parties being inferred from the circumstances, while a contract implied in law is but a duty imposed by law and treated as a contract for the purposes of a remedy only. A "contract implied in fact" presupposes an obligation arising from mutual agreement and intent to promise, which agreement and promise have not been expressed in words, and it requires a meeting of the minds just as much as an express contract. Quasi contractual obligations, as distinguished from "contracts implied in fact," are imposed by law for the purpose of bringing about justice without reference to the intention of the parties, it being necessary only that such obligations be of such sort as would have been appropriately enforced under common-law procedure by a contractual action.

4A Michie's Jurisprudence, *Contracts*, § 99, p. 561 (footnotes omitted). *See also Marine Devel. Corp. v. Rodak*, 225 Va. 137, 142, 300 S.E.2d 763 (1983).

Moreover, the Supreme Court has made it abundantly clear that quasi-contract claims cannot be maintained against the Commonwealth. In *Flory Small Business Dev. Ctr. v. Commonwealth, supra,* the Flory Small Business Development Center (the "Center") sought recovery against the Commonwealth for services rendered. Counts 2 and 4 of the Center's amended motion for judgment alleged "theories of quasi-contract—quantum meruit and contract implied in law," respectively. 261 Va. at 235. In holding that those claims could not be maintained, the Court said:

Under the common law, sovereign immunity did not shield the sovereign from liability for its valid contracts. *Wiecking v. Allied Med. Supply Corp.*, 239 Va. 548, 551-52, 391 S.E.2d 258, 260 (1990). However, quasi-contractual doctrines are premised on the *absence* of a valid contract. The Commonwealth's common law liability for its contracts does not encompass quasi-contractual claims, and any relief based on such claims must be authorized through a statute abrogating the Commonwealth's sovereign immunity. . . .

The Center provides no statutory or case authority, and we can find none, for the proposition that the Commonwealth has waived its immunity from liability under theories of quasi-contract. Therefore, we conclude that . . . the Center cannot recover against the Commonwealth on the quasi-contractual theories pleaded in Counts 2 and 4 of its amended motion for judgment.

261 Va. at 236-37 (emphasis added, footnote omitted).

In light of the above, CBI cannot recover on the basis of quantum meruit for a contract implied in law, and the court concludes that the allegations of the amended bill of complaint do not support a claim for a contract implied in fact. The allegations are that VCU and CBI expressly agreed on the terms of a contract and that VCU has failed to honor those terms. Accordingly, defendants' plea of sovereign immunity to Count III (implied contract) and Count IV (quantum meruit/unjust enrichment) will be sustained, and those counts will be dismissed with prejudice.

## II. *Demurrer*

### A. *Virginia Code § 8.01-195*

The first ground of defendants' demurrer is that the amended bill of complaint fails to allege compliance with Va. Code § 8.01-192. That section provides:

> When the Comptroller or other authorized person shall disallow, either in whole or in part, any such claim against the Commonwealth as is provided for by §§ 2.2-814,[2] 2.2-815 or 8.01-605 at which time a right of action under this section shall be deemed to accrue, the person presenting such claim may petition an appropriate circuit court for redress.

In their demurrer, defendants state that "Plaintiff's amended Bill of Complaint fails to allege or assert that its claim has been disallowed by the Comptroller, except by implication, the Comptroller having taken no action and provided no response to plaintiff's counsel." Defendants' Special Plea of Sovereign Immunity, Demurrer, etc., at 4. Defendants' statement is not correct. After setting out in Paragraphs 22 through 27 of the amended bill of complaint CBI's demand for payment to VCU, as well as VCU's forwarding of such demand to the Comptroller, CBI states in Paragraph 28:

> 28. Commonwealth Biotechnologies, by counsel, contacted the Comptroller of the Commonwealth regarding his acceptance or denial of the claim presented. The Comptroller of the Commonwealth stated that his office would take no action on the claims presented and that his office would not respond further.

---

[2] See *supra*.

The court holds that the Comptroller's response is a "disallowance" of CBI's claim as required by § 8.01-192 before suit can be filed. Defendants' demurrer based on that section is overruled.

### B. *Virginia Public Procurement Act*

The second ground of defendants' demurrer is that the amended bill of complaint fails to allege compliance with the Virginia Public Procurement Act, former Va. Code §§ 11-35 *et seq*. (the "Act").[3] CBI argues that the Act has no bearing on the enforceability of its alleged contract with VCU. The court agrees with CBI.

The Act governs the manner in which public bodies must award contracts and the manner in which non-successful bidders may protest an award. Defendants have cited no provision of the Act or any other authority, however, and the court has found none, that in the absence of such a protest prevents enforcement of a contract that has actually been awarded, even if it was awarded in violation of the Act. In *Wiecking v. Allied Medical Supply*, *supra*, the Court made the following observations in holding that sovereign immunity does not bar breach of contract claims against the Commonwealth, including claims based on contracts implied in fact:

> [W]hen the state contracts for goods or services, receives the benefit of the contract, and then refuses to honor its obligations, the contractor's property is subjected to an unconstitutional taking without just compensation . . . a denial of liability under such circumstances also violates state and federal due-process guarantees . . . to hold that the state may enter into a valid contract and yet retain the power to avoid its obligation would entail an obvious contradiction; neither the state nor the contractor can be bound, yet not bound, by a single contract . . . the courts will not attribute to the legislature any intention to permit the government to exercise "bad faith and shoddy dealing". . . .

239 Va. at 551-52 (citations omitted).

Giving CBI the benefit of all reasonable inferences, which the court must do on demurrer (*see, e.g., CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277 (1993)), accepting defendants' Public Procurement Act argument would allow the Commonwealth to refuse to honor its valid

---

[3] See *supra*.

contract after having received the benefits of it because it, the Commonwealth, failed to follow applicable law. Such a result would be directly contrary to the spirit and rationale, if not the holding, of *Wiecking*.

Defendants also argue that the amended bill of complaint fails to allege compliance with the notice requirements of § 11-69(A) of the Public Procurement Act. That argument is rejected for two reasons. First, Va. Code § 8.01-273 requires that all demurrers be in writing and that "[n]o grounds other than those stated specifically in the demurrer shall be considered by the court." While defendants' argument based on lack of notice under § 11-69(A) is contained in their "Memorandum of Law in Support of Special Plea of Sovereign Immunity, Demurrer, etc.," and was mentioned during oral argument, it was not made in their written demurrer.

Second, even if that ground had been contained in the written demurrer, the demurrer would still not be sustained. Section 11-69(A) provides, in pertinent part:

> Contractual claims, whether for money or other relief, shall be submitted in writing no later than sixty days after final payment; however, written notice of the contractor's intention to file such claim shall have been given at the time of the occurrence or beginning of the work upon which the claim is based.

Since there was no final payment or beginning of work by CBI in this case, the time for giving notice of CBI's intention to file a claim commenced "at the time of the occurrence." The occurrence forming the basis of plaintiff's claim is the nonpayment of sums due under a contract that was to last at least three years, beginning, according to the amended bill of complaint, in April 2000. The alleged contract period has not yet ended. Moreover, it is not known at this point when the first or final payment under the alleged contract was to be due. That is a question of fact that cannot be determined on demurrer. Defendants' demurrer based on the Public Procurement Act will be overruled.

### III. *Motion Craving Oyer*

In their motion craving oyer, defendants request production of any and all documents relied on by CBI as establishing a valid contract between the parties, and the specific terms of such document(s) that allegedly have been breached. Defendants also seek to know what official(s) of VCU allegedly breached them. If CBI fails to comply with such requests, defendants ask that the action be dismissed.

The court believes that the request for production of any and all documents alleged to be a contract is reasonable and proper, and, to that extent, the motion will be granted. CBI will not, however, be required to point out the specific terms of such document(s) that allegedly have been breached or to say who breached them. To the extent that information is not already contained in the amended bill of complaint, it can be obtained through normal discovery. The court expresses no opinion on whether the action can proceed in the absence of a written contract. The court notes, however, that the contract that was enforced against the Commonwealth in *Wiecking, supra*, was an oral contract.