Present:  All the Justices

BARBARA HALBERSTAM

v.  Record No. 951044          OPINION BY JUSTICE ELIZABETH B. LACY
                                        March 1, 1996
COMMONWEALTH OF VIRGINIA, ET AL.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Rosemarie P. Annunziata, Judge

The dispositive issue in this appeal is whether the appellant complied with the notice requirement of the Virginia Tort Claims Act, Code §§ 8.01-195.1 through -195.9 (the Act).

Appellant, Barbara Halberstam, was injured on October 5, 1993 when she fell in a parking lot at George Mason University (GMU), a state supported university.  Following the accident, Halberstam communicated with GMU and the Division of Risk Management of the Commonwealth on a number of occasions regarding the nature and extent of her injuries.  In all, Halberstam sent seven letters.  At the conclusion of the correspondence, the Commonwealth denied liability for Halberstam's injury.

Halberstam filed a motion for judgment alleging that the Commonwealth and GMU were negligent in maintaining the parking lot.  The Commonwealth and GMU filed a "Demurrer, Motion to Dismiss/Motion for Summary Judgment and Plea of Sovereign Immunity."  After considering the briefs and argument of counsel, the trial court held, first, that GMU was immune from suit because the Act did not waive the immunity of agencies of the Commonwealth and, second, that the notice of claim filed by Halberstam did not meet the statutory requirements because it did not sufficiently identify the place where the injury occurred.

The trial court entered an order dismissing Halberstam's motion for judgment.

Halberstam's appeal raises a number of issues. Most are related to the construction and application of the one-year notice provision of the Act. That provision, Code § 8.01-195.6, states, in relevant part:

> Every claim cognizable against the Commonwealth . . . shall be forever barred unless the claimant or his agent, attorney or representative has filed a written statement of the nature of the claim, which includes the time and place at which the injury is alleged to have occurred and the agency or agencies alleged to be liable. . . . The claimant or his agent, attorney or representative shall, in a claim cognizable against the Commonwealth, mail the notice of claim via the United States Postal Service by certified mail, return receipt requested, addressed to the Director of the Division of Risk Management or the Attorney General in Richmond.

Halberstam contends, initially, that a letter, dated March 14, 1994, from her counsel to the Director of the Division of Risk Management in Richmond complied with the Act's notice requirement. The letter read, in pertinent part,

> On October 5, 1993, Mrs. Halberstam, a student at George Mason University, was parking her vehicle in the school parking lot at approximately 7:45p.m.. She parallel parked alongside the curb and began to exit her vehicle. Due to the fact that the area where she parked was unlit, she did not notice a pothole or eroded area in the asphalt of the parking lot. Upon exiting her vehicle she stepped into this eroded area/pothole which caused her to lose her balance, fall and injure herself. George Mason University was responsible for maintaining the parking lot where these injuries occurred.

In the alternative, she argues that the March 14 letter considered in combination with her other correspondence establishes substantial compliance with the notice provision. We

2

reject both contentions.

The Act is a statute in derogation of the common law doctrine of sovereign immunity and, therefore, must be strictly construed. <u>Baumgardner v. Southwestern Virginia Mental Health Inst.</u>, 247 Va. 486, 489, 442 S.E.2d 400, 401 (1994). Thus, strict compliance with all of its provisions is required.[1]

The language of Code § 8.01-195.6 is unambiguous. Notice must include (1) the time and place at which the injury allegedly occurred and (2) the agency or agencies allegedly liable. This notice must be sent through the United States Postal Service by certified mail, return receipt requested, addressed to the Director of the Division of Risk Management or the Attorney General in Richmond.

Halberstam's notice does not meet the statutory requirements because it does not specify the location of the injury. Rather, it merely states that the accident occurred in "the school parking lot" of GMU. The parties stipulated that GMU has a number of parking lots and more than one campus.

---

[1] Halberstam argues at length that strict construction is not required because the Commonwealth was not immune for claims based on its proprietary actions under the common law and, thus, the Act did not waive any common law immunity. Halberstam misapplies the dichotomy between proprietary and governmental acts as they relate to questions of governmental immunity. Most of the cases relied on by Halberstam are inapposite because they involved the type of immunity available to municipalities, or to individual government employees sued in their individual capacity, not the immunity of the Commonwealth or its agencies. In no case has the Commonwealth or its agencies been held liable for damages in a tort cause of action based on an activity labeled proprietary by this Court.

Halberstam did not specify in which parking lot of which GMU campus she was injured. Such lack of detail is, in essence, no notice at all.

The need for specificity when providing notice to a government of a tort claim has been emphasized by this Court before. In Town of Crewe v. Marler, 228 Va. 109, 319 S.E.2d 748 (1984), we dealt with the notice provisions of Code § 8.01-222, which apply to suits against cities and towns. This Court held that the plaintiff failed to give proper notice to the city because her written notice stated that the accident occurred "in your town." Id. at 111, 114, 319 S.E.2d at 749, 750. This description was deemed inadequate despite the fact that only substantial compliance with the notice provision was required and that the town had actual notice of the exact location of the accident. Id. at 113-14, 319 S.E.2d at 749-50. Halberstam contends that, even if her March 14 letter alone was insufficient, her other correspondence is cognizable in establishing compliance with the statute's requirements. She points to the earlier letters which specify the campus and parking lot where the accident occurred.

Only the March 14 letter, however, was sent to an official designated in the statute and in the manner prescribed by the statute, certified mail with a return receipt requested. Thus, in this case, that letter alone must contain the statutorily required information.

Halberstam also argues that the Director probably had actual knowledge of the location of the accident due to certain other letters and she should have been allowed the opportunity to establish actual knowledge. This argument is unpersuasive. The Commonwealth concedes that the Director had actual notice but actual notice does not obviate Halberstam's duty to strictly comply with the Act's notice provisions. <u>Marler</u> again provides guidance. In that case, the Town of Crewe had actual notice of the accident's location. <u>Marler</u>, 228 Va. 112, 319 S.E.2d at 749. However, this Court held that the town's knowledge had no effect on whether the claimant substantially complied with the statute. We explained that

> [t]he arbitrary and peremptory provisions of the statute are necessary to accomplish the purposes of the enactment. Unless explicit notice in writing of the time and place of an accident is furnished the proper public official substantially in accordance with the statute, when there is a claim of municipal negligence, the likelihood of prompt attention to the matter to protect the interests of the municipality and the public is materially diminished. For this Court to place any limitation on the clear and comprehensive language of the statute, or to create an exception where none exists under the guise of statutory construction, would be to defeat the purpose of the enactment and to engage in judicial legislation.

<u>Id.</u> at 113-14, 319 S.E.2d at 750. The same rationale applies with no less force to the notice provisions of the Virginia Tort Claims Act, provisions which are to be strictly construed.

Lastly, Halberstam asserts that the trial court erred in failing to hold that the Commonwealth was estopped from raising

5

the notice defense because it had already rejected her claim. This argument is without merit. First, estoppel does not lie against the Commonwealth. <u>Commonwealth v. Allstate Bonding Co.</u>, 246 Va. 189, 194, 435 S.E.2d 396, 399 (1993). Moreover, the Commonwealth's September 15, 1994 letter rejecting Halberstam's claim specifically reserved the Commonwealth's right to rely on all procedural and substantive defenses.

Accordingly, for the reasons stated, we will affirm the order of the trial court.[2]

<u>Affirmed.</u>

---

[2] Halberstam also assigned error to the trial court's holding that the Tort Claims Act did not waive GMU's immunity. We do not address that assignment because Halberstam's failure to comply with the Act's notice requirement would also defeat her claim against GMU under the Act, if applicable.

6