# CIRCUIT COURT OF ROCKINGHAM COUNTY

John Paul Shenk, Jr.,
Administrator of the
Estate of John Paul Shenk, Sr.,
Deceased

    v.

Michael D. Spangler
and Commonwealth of Virginia,
acting by and through the
Department of State Police

Case No. (Law) 10925

Dorothy Louise Shenk

    v.

Michael D. Spangler
and Commonwealth of Virginia,
acting by and through the
Department of State Police

Case No. (Law) 10926

July 31, 1998

BY JUDGE JOHN J. MCGRATH, JR.

This action arises from a fatal automobile accident, which occurred on Interstate 81 on September 10, 1995, when the decedent was operating his automobile in a southerly direction on Interstate 81 in Smyth County, Virginia.

The Motion for Judgment alleges that the decedent's car in which his wife was a passenger was hit by a Virginia State Police cruiser, which was in high-speed pursuit of another vehicle. The Plaintiff alleges that the state police cruiser was being operated by the Defendant, Trooper Michael D. Spangler, in a grossly negligent fashion at the time of the collision. The Motion for Judgment makes the standard allegations against the Defendant Spangler relating to his failure to operate his cruiser in an appropriate and reasonable fashion.

In addition, the Plaintiff asserts claims against the Commonwealth of Virginia in Paragraph 8 of the Motion for Judgment, which reads as follows:

8. The Commonwealth of Virginia acting by and through the Department of State Police was negligent in the following respects:

(a) Trooper Michael D. Spangler was at all times material to the allegations in this Motion for Judgment an employee of the Commonwealth of Virginia, Department of State Police, and acting within the scope of his employment. Therefore, the Commonwealth of Virginia is liable for all negligent acts of its employee by virtue of the doctrine of *respondeat superior*;

(b) The Department of State Police was negligent in its promulgation of rules, regulations, and protocols governing high-speed vehicular operation by State Troopers on public highways;

(c) The Department of State Police was negligent in permitting Trooper Michael D. Spangler to operate a State Police cruiser in the manner in which he did in this case when the Department knew, or in the exercise of reasonable diligence, should have known that Michael D. Spangler had a history of irresponsible vehicular operation and a pattern of the use of poor judgment causing property damage and endangerment to the public;

(d) The Department of State Police was negligent in failing to properly train Trooper Michael D. Spangler in the use of State Police vehicles in high-speed settings on public highways, thereby endangering the general public.

A companion suit has been filed by the surviving widow of Mr. John Paul Shenk, Sr., who was a passenger in his automobile at the time of the accident and sustained various personal injuries. These cases have been consolidated for trial before this Court.

The Attorney General's Office, representing both defendants, has filed a responsive pleading in which it asserts a Plea of Immunity on behalf of Trooper Spangler. The Plea alleges that Trooper Spangler is entitled to

sovereign immunity, or, in the alternative, requests the Court to hold that the plaintiff must prove gross negligence to sustain a recovery against Trooper Spangler. The Commonwealth has also filed a demurrer alleging that its sovereign immunity to the claims asserted in paragraphs 8(b), (c), and (d) of the Motion for Judgment has not been waived by the Virginia Tort Claims Act (§§ 8.01-195.1 to 8.01-195.9 of the Code of Virginia). Thus, the Commonwealth argues, the Motion for Judgment does not state a cause of action against the Commonwealth as a matter of law.

The Commonwealth also argues that the allegations contained in Paragraph 8(b), (c), and (d) of the Motion for Judgment are subject to demurrer on one or more of the following theories:

(i) The Virginia Tort Claims Act only waives sovereign immunity for acts for which a "private person" would be liable. Because private persons do not and cannot train police officers, entrust vehicles to them, or publish regulations for high speed pursuits by law enforcement officers carrying out the enforcement of the laws, the Commonwealth has not waived immunity for these actions;

(ii) There is no recognized cause of action in Virginia for a failure to train employees; and

(iii) Since the statutory notices filed by the plaintiffs (pursuant to § 8.01-195.6 of the Virginia Tort Claims Act) only stated "death by wrongful act - vehicular homicide" and "personal injuries and property damage arising out of a motor vehicle collision," they did not give the Commonwealth notice that claims would be made against it based on the State Police's training procedures, rules, and regulations or for entrusting a state police cruiser to Trooper Spangler.

After hearing oral argument and reviewing extensive briefs from the parties and the pleadings, the Court believes it is now appropriate to rule upon the Plea of Sovereign Immunity asserted by Trooper Spangler and the Demurrer of the Commonwealth of Virginia.

I. *Claim of Sovereign Immunity by Trooper Spangler*

At this point, it is well established that a law enforcement officer operating a vehicle while in pursuit of alleged violators of the law is exercising a discretionary function and the officer is entitled to sovereign immunity. Moreover, applying the common law of Virginia, the Courts have consistently held that in order to recover in a tort action against an employee of the state

who is entitled to such sovereign immunity, it is necessary for the plaintiff to establish gross negligence. See, e.g., *Colby v. Boyden*, 241 Va. 125, 130 (1991).

Therefore, the Plea of Sovereign Immunity by Trooper Spangler will be granted insofar as the plaintiff will be required to establish gross negligence in order to have a recovery against Trooper Spangler.

## II. *Demurrer of the Commonwealth of Virginia*

At the outset, it should be noted that the Commonwealth concedes that it is not entitled to be dismissed entirely from this case because, under the Virginia Tort Claims Act, it would be liable for negligence relating to the manner in which Trooper Spangler allegedly operated his cruiser on the date in question. However, the Commonwealth strenuously asserts that it is entitled to have its Demurrer sustained insofar as claims are made against the Commonwealth for the causes of action set forth in the following portions of the Motion for Judgment:

> 8(b). Negligence in the promulgation of rules, regulations, and protocols governing high-speed vehicular operation by state troopers on public highways;
>
> 8(c). Permitting Trooper Spangler to operate a state motor vehicle cruiser in the manner in which he did when the Department knew or in the exercise of reasonable diligence should have known that Trooper Spangler had a history of irresponsible vehicular operation and a pattern of the use of poor judgment causing property damage and endangerment to the public;
>
> 8(d). That the Commonwealth was negligent in failing to properly train Trooper Spangler in the use of state police vehicles in high-speed settings on public highways, thereby endangering the general public.

These sub-paragraphs of Paragraph 8 of the Motion for Judgment will be addressed in sequence.

## 1. *The Negligent Promulgation of Rules, Regulations, and Protocols Governing High-Speed Vehicular Operation*

It is well established that the doctrine of sovereign immunity is "alive and well" in the Commonwealth of Virginia. *See, e.g., Messina v. Borden*, 228 Va. 301 (1984). Moreover, it is also a well-established principle of law that the

Virginia Tort Claims Act is a waiver of sovereign immunity and a derogation of the common law. It must, therefore, be strictly construed. *See, e.g., Halberstam v. Commonwealth*, 251 Va. 248, 250-51 (1996).

Applying these well settled principles, it is clear that the allegations concerning the Rules, Regulations, and Protocols that were promulgated by the Department of State Police on behalf of the Commonwealth of Virginia to be followed by troopers when operating their vehicles on public highways in high-speed pursuits are clearly a discretionary and legislative type act which is exempt under the provisions of § 8.01-195.3(2) of the Virginia Tort Claims Act (Act does not apply to an act or omission which relates to the "legislative function of any agency subject to the provisions of this Act"). Clearly the promulgation of rules governing state police operation of motor vehicles in law enforcement activity is an activity imbued with broad discretion going to the heart of the governmental function of maintaining law and order. The Commonwealth has not waived sovereign immunity under the Virginia Tort Claims Act as to that activity. Therefore, the Commonwealth's Demurrer is sustained as to Paragraph 8(b) of the Motion for Judgment.

*2. The Commonwealth's Allowing Trooper Spangler to Operate a State Police Cruiser in a High-Speed Chase after Allegedly Knowing that He Had a History of Irresponsible Vehicular Operation*

Although there are few cases delineating precisely the meaning of the term "legislative function" of agencies of the Commonwealth, as used in § 8.01-195.3(2) of the Tort Claims Act, it would appear that the determination by the state or a state agency as to which law enforcement officers will be permitted to engage in various types of law enforcement activity and under what circumstances they will be permitted to engage in such activity are clearly discretionary governmental decisions to be made by the Commonwealth. Although not appearing at first blush to be legislative in nature, because of the amount of discretion that is of necessity entrusted to the law enforcement authorities in determining the appropriate way to carry out their statutory mandate, it is this Court's view that the type of activity encompassed within this portion of the Motion for Judgment is an activity for which the Commonwealth has not waived immunity under the Virginia Tort Claims Act.

The Commonwealth also argues that it has waived sovereign immunity only to the extent "the Commonwealth .... if a private person, would be liable to the claimant for such damage, loss, injury, or death." Va. Code § 8.01-195.3. It is clear, without delving into the details of the case law on negligent entrustment of vehicles, that "private persons" do not and cannot have, under

our legal system, a liability for training or determining which individuals will be entrusted with police cruisers while engaged in carrying out their law enforcement obligations.

Because of the unique nature of the activity engaged in by the Commonwealth in determining to whom to supply law enforcement vehicles, this is not an activity for which a private person could be liable, so the Commonwealth has not waived its immunity for this governmental activity. Therefore, the Commonwealth's Demurrer is sustained as to the allegations against the Commonwealth contained in Paragraph 8(c) of the Motion for Judgment.

### 3. The Department of State Police's Failure to Properly Train Trooper Spangler in the Use of State Police Vehicles in High-Speed Chases

Although the Commonwealth presents a vigorous argument that a "failure to train" cause of action is not a viable cause of action in Virginia, even against a non-governmental defendant, the Court does not believe that it is necessary to resolve the issue within such a broad context. In this particular case, the alleged failure to train arises in a claim in which the Commonwealth of Virginia, through the Department of State Police, allegedly provided inadequate training to Trooper Spangler (and presumably other troopers) in the operation of police vehicles in high-speed pursuit settings as with the issue of the promulgation of Rules, Regulations, and Protocols on the use of state police vehicles in high-speed pursuits, there may well be various arguments that can be presented concerning the appropriate level of training which should be supplied to law enforcement officers who will be required to operate vehicles in such a fashion in carrying out their law enforcement activities. Again, as with the promulgation of Regulations, it is the Court's view that the decision as to the appropriate training to be given to law enforcement officials is a uniquely discretionary governmental function or "legislative function" for which the Commonwealth has not waived immunity under the Virginia Tort Claims Act. Therefore, the Commonwealth's Demurrer to Paragraph 8(d) of the Motion of Judgment is sustained.

The parties have ten days after receipt of this Order to file written objections to it. The Clerk is directed to send attested copies of this Order to George W. Shanks, Esq., counsel for the plaintiffs, and to Lee Melchor Turlington, Esq., Assistant Attorney General.