Present:  All the Justices

MONA MELANSON

v.  Record No. 000497        OPINION BY JUSTICE DONALD W. LEMONS
                                    January 12, 2001
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT FOR THE CITY OF ALEXANDRIA
                        John E. Kloch, Judge

        In this appeal, we consider whether mailing a notice of claim by certified mail, return receipt requested, is the exclusive method of filing a notice of claim against the Commonwealth under the Virginia Tort Claims Act ("the Act"). Code §§ 8.01-195.1 through -195.9.  Holding that it is, we affirm the trial court's dismissal of the motion for judgment by Mona Melanson ("Melanson") against the Commonwealth.

                    I.  Facts and Proceedings

        On September 6, 1996, Melanson was injured as a result of a falling traffic sign allegedly owned and maintained by the Virginia Department of Transportation ("VDOT").  On September 4, 1997, Melanson mailed a letter by certified mail, return receipt requested, to D.B. Smit ("Smit"), Acting Director of the Division of Risk Management of the Commonwealth.  The letter described Melanson's injuries and the event that caused them, and requested compensation from the Commonwealth for negligent maintenance of the highway sign.  The return receipt from the certified mailing indicated that the letter was

received on September 16, 1997, more than one year from the date of her injuries. In addition to mailing the letter to Smit, counsel for Melanson hand-delivered a copy of the letter to the Division of Risk Management on September 5, 1997, within one year from the date of her injuries.

Melanson filed a motion for judgment against the Commonwealth in the Circuit Court for the City of Alexandria under the provisions of the Act, alleging negligence by agents and employees of the Commonwealth. The Commonwealth filed a special plea of sovereign immunity, asserting that Melanson had failed to satisfy the notice requirements of the Act. The trial court granted the Commonwealth's special plea and dismissed Melanson's motion for judgment, finding that she "did not file a notice of her claim against the Commonwealth with the Director of the Division of Risk Management or the Attorney General by certified mail, return receipt requested, within one year after her cause of action accrued to her."

On appeal, Melanson contends that the trial court erred in dismissing her motion for judgment. She asserts that "filing" and "mailing" are separate concepts and that mailing is not the only method of satisfying the filing requirement under Code § 8.01-195.6. Melanson maintains that her notice of claim was timely filed because it was hand-delivered to the Division of Risk Management within the one year period

mandated by Code § 8.01-195.6.  The Commonwealth argues that mailing is the only method of filing permitted under § 8.01-195.6 and her mailing was not received within one year of the accrual of her cause of action.

## II.  Analysis

In the absence of express statutory or constitutional provisions waiving immunity, the Commonwealth and its agencies are immune from liability for the tortious acts or omissions of their agents and employees.  An express but limited waiver of the Commonwealth's immunity from tort claims was provided by the enactment of the Virginia Tort Claims Act in 1981.  The Act is in derogation of common law, and, therefore, its limited waiver of immunity must be strictly construed. Baumgardner v. Southwestern Va. Mental Health Inst., 247 Va. 486, 489, 442 S.E.2d 400, 402 (1994).

Code § 8.01-195.6, the Notice of Claim provision of the Act, provides in relevant part:

> Every claim cognizable against the Commonwealth . . . shall be forever barred unless the claimant or his agent, attorney or representative has filed a written statement of the nature of the claim, which includes the time and place at which the injury is alleged to have occurred and the agency or agencies alleged to be liable.  The statement shall be filed with the Director of the Division of Risk Management or the Attorney General within one year after such cause of action accrued if the claim is against the Commonwealth. . . .  The claimant or his agent, attorney or

3

representative shall, in a claim cognizable against the Commonwealth, mail the notice of claim via the United States Postal Service by certified mail, return receipt requested, addressed to the Director of the Division of Risk Management or the Attorney General in Richmond. . . .

In any action contesting the filing of the notice of claim, the burden of proof shall be on the claimant to establish mailing and receipt of the notice in conformity with this section. The signed return receipt indicating delivery to the Director of the Division of Risk Management, [or] the Attorney General . . . when admitted into evidence, shall be prima facie evidence of filing of the notice under this section. The date on which the return receipt is signed by the Director, [or] the Attorney General . . . shall be prima facie evidence of the date of filing for purposes of compliance with this section.

Because Melanson hand-delivered her notice of claim within the one year period required by the statute but receipt of her notice by "certified mail, return receipt requested" was beyond the one year period, we must decide if the mailing requirement is the exclusive method for giving notice of claim under the Act.

In Halberstam v. Commonwealth, 251 Va. 248, 467 S.E.2d 783 (1996), we considered whether a plaintiff complied with the notice requirements of the Act. The plaintiff was injured when she fell in a parking lot at George Mason University, a state-supported institution. She forwarded several letters, describing her accident and the extent of her injuries, to the

Director of the Division of Risk Management.  Upon motion of the Commonwealth, the trial court dismissed the plaintiff's motion for judgment because her notice of claim did not sufficiently identify the place where her injuries occurred.

We stated, in Halberstam, that "strict compliance with all [the Act's] provisions is required."  Id. at 251, 467 S.E.2d at 784.  We also stated that under the Act, "notice must be sent through the United States Postal Service by certified mail, return receipt requested, addressed to the Director of the Division of Risk Management or the Attorney General."  251 Va. at 251, 467 S.E.2d at 785.  Melanson contends that nothing in the Act or our opinion in Halberstam excludes filing by hand delivery as long as certified mailing is accomplished as well.  We disagree.

In Halberstam, the plaintiff argued that if her notice of claim, a letter dated March 14, 1994, lacked the specificity required by the Act, then, any deficiencies were cured by her prior collateral correspondence.  Rejecting her contention, we held that "[o]nly the March 14 letter . . . was sent to an official designated in the statute and in the manner prescribed by the statute, certified mail with a return receipt requested.  Thus, in this case, that letter alone must contain the statutorily required information."  Id. at 252, 467 S.E.2d at 785.  In Halberstam, we confined our

5

consideration of proper filing of a notice of claim to that which was mailed by certified mail, return receipt requested. No other form of communication or delivery was considered to be "in the manner prescribed by the statute."  Id.

As we have previously noted:

> The primary objective of statutory construction is to ascertain and give effect to legislative intent.  The plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or strained construction. A statute is not to be construed by singling out a particular phrase; every part is presumed to have some effect and is not to be disregarded unless absolutely necessary.

Commonwealth v. Zamani, 256 Va. 391, 395, 507 S.E.2d 608, 609 (1998) (citations omitted).  Acceptance of Melanson's contention that filing is not dependent upon mailing would render the mailing requirement superfluous.  If the concepts of filing and mailing are separate as she urges, there would be no stated time within which the mailing would have to be received.

Additionally, the Act anticipates controversy over timely notice and provides: "In any action contesting the filing of the notice of claim, the burden of proof shall be on the claimant to establish mailing and receipt of the notice in conformity with this section."  The juxtaposition of controversy over "filing" with proof requiring "mailing" amply demonstrates the legislature's intention that mailing "in

6

conformity with [the Act]" is the exclusive method of filing a notice of claim under the Act.

Finally, Melanson argues that the Commonwealth had actual knowledge of the claim within the one year period provided by the Act and such knowledge is sufficient to satisfy the notice requirement. We have previously stated that "actual notice does not obviate [the] duty to strictly comply with the Act's notice provisions." Halberstam, 251 Va. at 252, 467 S.E.2d at 785.

## III. Conclusion

The Commonwealth's limited waiver of immunity for tort claims must be strictly construed. "For this Court to place any limitation on the clear and comprehensive language of the statute, or to create an exception where none exists under the guise of statutory construction, would be to defeat the purpose of the enactment and to engage in judicial legislation." Town of Crewe v. Marler, 228 Va. 109, 114, 319 S.E.2d 748, 750 (1984). Accordingly, we will affirm the judgment of the trial court.

Affirmed.