**CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE**

Debra Bates,
Administrator

v.

Commonwealth of Virginia

December 3, 2002

Case No. (Law) 02-54

BY JUDGE EDWARD L. HOGSHIRE

This letter opinion addresses the Commonwealth's Motion to Dismiss the instant claim for inadequate notice, pursuant to Va. Code § 8.01-195.6 (2002). The case concerns the death of plaintiff's infant daughter while she was a patient at the University of Virginia Medical Center. On August 14, 2001, Plaintiff filed notice of the claim under the Virginia Tort Claims Act (VTCA), citing the location of the incident as "University of Virginia Health Sciences Center." The Commonwealth contends that the lack of specificity in the notice of claim constitutes invalid notice, as established by the Supreme Court of Virginia in *Halberstam v. Commonwealth*, 251 Va. 248 (1996), and therefore that the claim must be dismissed. The Court determines that *Halberstam* is controlling, and thus grants the Commonwealth's motion to dismiss.

Under the VTCA, every claim against the Commonwealth is barred unless a plaintiff files a written statement of the nature of the claim, "which includes the time and place at which the injury is alleged to have occurred." Va. Code § 8.01-195.6 (2002). It is well established that litigants must strictly comply with the terms of statutes that remove the Commonwealth's veil of immunity from suit. See *Town of Crewe v. Marler*, 228 Va. 109 (1984); *Fugate v. Martin*, 208 Va. 529 (1968). The Supreme Court of Virginia dealt with this precise issue in *Halberstam v. Commonwealth*, 251 Va. 248 (1996), when it dismissed a claim for an injury that occurred in a parking lot at George Mason University, a state supported institution. Because the plaintiff's notice of the

claim did not specify in which parking lot the injury occurred, and since statutes in derogation of the common law must be strictly construed, the court found that Halberstam's notice did not meet the statutory requirement. The Richmond Circuit Court applied similar reasoning in *Jennings v. Commonwealth*, 14 Va. Cir. 331 (1989), when it dismissed a claim against the Medical College of Virginia which provided a hospital room number but did not specify in which building the incident occurred.

Plaintiff argues several alternative rules of statutory construction that could be applied to permit the claim. However, each of these interpretations conflicts with the Virginia Supreme Court's interpretation of the statute in *Halberstam*. Despite the harsh consequences for the plaintiff here, this Court must apply the law as articulated by statute and interpreted by the Supreme Court of Virginia. Accordingly, the Commonwealth's motion to dismiss is granted.