Present:  All the Justices

DEBRA BATES, ADMINISTRATOR OF THE ESTATE
 OF FANNIE MARIE BANKS, DECEASED

                                        OPINION BY
v.  Record No. 030396         JUSTICE LAWRENCE L. KOONTZ, JR.
                                     March 5, 2004

COMMONWEALTH OF VIRGINIA

        FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
                        Edward L. Hogshire, Judge


     This appeal arises from a wrongful death action filed by

Debra Bates (Bates), administrator of the estate of Fannie Marie

Banks (Banks), her deceased daughter, against the Commonwealth

of Virginia pursuant to the Virginia Tort Claims Act, Code

§§ 8.01-195.1 through 8.01-195.9.  The issue to be resolved is

whether Bates filed a notice of claim sufficient to comply with

the requirements of Code § 8.01-195.6 with regard to the

identification of the "place" at which Banks' injury was alleged

to have occurred.

            I.   BACKGROUND AND PRIOR PROCEEDINGS

     The relevant facts are not in dispute.  On July 21, 2000,

Banks was admitted as an inpatient at the University of Virginia

Medical Center[1] in Charlottesville (the hospital).  During the

_____

     [1] During the relevant years, the hospital in question, which
provides inpatient medical care, was designated interchangeably
as the "University of Virginia Health Sciences Center" and the
"University of Virginia Medical Center."  Because the identity

course of her treatment at the hospital, Banks required the use of a ventilator at various times to help her breathe while sleeping.  In the early morning hours of October 14, 2000, Banks, although on a ventilator, was found asystolic and unresponsive by hospital personnel.  She suffered irreversible brain damage and, after being removed from a life support system, died in the hospital on October 21, 2000.

On August 14, 2001, Bates mailed a notice of claim by certified mail, return receipt requested, to the Attorney General of Virginia in which she essentially asserted that the medical personnel at the hospital had been guilty of medical malpractice that proximately caused the brain damage and ultimate death of Banks.  The notice of claim contained allegations that these personnel had negligently failed to place the ventilator properly in service, failed to observe the malfunction of the ventilator, or failed to observe that Banks was not receiving proper oxygenation from the ventilator. Pertinent to the issue presented by this appeal, the notice of claim identified the "PLACE OF INJURY" as "University of Virginia Health Sciences Center, Charlottesville, Virginia."

of this hospital is not at issue here, we will refer to it in this opinion as the University of Virginia Medical Center or simply the hospital.

2

Thereafter, on March 15, 2002, Bates filed a motion for judgment in the Circuit Court of the City of Charlottesville (the trial court) against the Commonwealth of Virginia for the wrongful death of Banks.[2]  In response, the Commonwealth filed its grounds of defense, plea of sovereign immunity, and a motion to dismiss pursuant to the Virginia Tort Claims Act.

On November 19, 2002, the trial court conducted a hearing on the Commonwealth's plea of sovereign immunity and motion to dismiss.  In order to address the issue of the Commonwealth's sovereign immunity, the focus of the hearing, which was conducted on the pleadings, was whether Bates had sufficiently identified in her notice of claim the place at which Banks was injured.  There was no dispute that the University of Virginia Medical Center is a state-supported hospital and, while located in Charlottesville, is composed of multiple buildings, which contain multiple floors and multiple rooms.  Relying principally upon Halberstam v. Commonwealth, 251 Va. 248, 252, 467 S.E.2d 783, 785 (1996), the Commonwealth maintained that the notice of claim filed by Bates did not sufficiently identify the place

---

[2] The University of Virginia was also named as a defendant in Bates' motion for judgment, but was subsequently dismissed as a party by agreement.  The Virginia Tort Claims Act provides for the limited waiver of the sovereign immunity of the Commonwealth and does not waive the sovereign immunity of the Commonwealth's agencies.  The Rector and Visitors of the University of Virginia v. Carter, 267 Va. 242, 246, 591 S.E.2d 76, ___ (2004).

where Banks' injury was alleged to have occurred at this hospital to satisfy the requirements of Code § 8.01-195.6. Consequently, the Commonwealth asserted that its plea of sovereign immunity was well taken and its motion to dismiss should be granted. The trial court ultimately agreed with the Commonwealth and by final order entered on December 13, 2002, relying principally upon Halberstam, dismissed Bates' claim against the Commonwealth with prejudice. We awarded this appeal to Bates.

## II. DISCUSSION

As noted by the Commonwealth in the present case and as we have repeatedly held, "[t]he doctrine of sovereign immunity is alive and well in Virginia." Niese v. City of Alexandria, 264 Va. 230, 238, 564 S.E.2d 127, 132 (2002). "In the absence of express statutory or constitutional provisions waiving the Commonwealth's immunity, the Commonwealth and its agencies are immune from liability for the tortious acts or omissions of their agents or employees." Patten v. Commonwealth, 262 Va. 654, 658, 553 S.E.2d 517, 519 (2001). The Virginia Tort Claims Act constitutes an express limited waiver of the Commonwealth's immunity from tort claims. Id. In this context and in pertinent part, Code § 8.01-195.3 provides that:

> Subject to the provisions of this article, the
> Commonwealth shall be liable for claims for . . .
> personal injury or death caused by the negligent or

4

wrongful act or omission of any employee while acting
within the scope of his employment under circumstances
where the Commonwealth . . ., if a private person,
would be liable to the claimant for such damage, loss,
injury or death.

(Emphasis added).

The limitation upon the waiver of the Commonwealth's

sovereign immunity emphasized above is expressly addressed in

Code § 8.01-195.6.  In pertinent part, this statute provides

that:

Every claim cognizable against the Commonwealth . . .
shall be forever barred unless the claimant or his
agent, attorney or representative has filed a written
statement of the nature of the claim, which includes
the time and place at which the injury is alleged to
have occurred and the agency or agencies alleged to be
liable.

(Emphasis added).

In the present case, the parties agree that in the absence

of compliance with the mandate of Code § 8.01-195.6, the trial

court would lack jurisdiction to consider the merits of Bates'

claim against the Commonwealth because in such circumstances the

Commonwealth's sovereign immunity is not waived.  Filing and

receipt of the notice of claim are not at issue.  The parties,

as they did in the trial court, dispute the sufficiency of

Bates' notice of claim to identify the place at which Banks'

injury was alleged to have occurred as contemplated by the

above-emphasized provision of Code § 8.01-195.6.  Their dispute

5

is based upon their sharply contrasting interpretations of our holding in Halberstam.

In Halberstam, the claimant fell and was injured when she stepped into a pothole in a parking lot at George Mason University, a state-supported university, as a result of the alleged failure of the university to properly maintain the surface of the parking lot. In her notice of claim, which was admittedly received by the proper public official pursuant to Code § 8.01-195.6, the claimant identified the place where her injury occurred as "the school parking lot." It was stipulated that the university had "a number of parking lots and more than one campus."

We held that because the claimant did not specify in which parking lot she was injured, her notice of claim was "in essence, no notice at all." 251 Va. at 250-51, 467 S.E.2d at 784-85. In holding that the claimant's notice of claim did not satisfy the requirements of Code § 8.01-195.6 with regard to the place at which the injury occurred, we also held that actual knowledge of that place by the Commonwealth does not obviate the duty of the claimant to strictly comply with the notice provisions of this statute. Id. at 252, 467 S.E.2d at 785. With regard to the purpose of the statute, we observed that " '[u]nless explicit notice in writing of the time and place of an accident is furnished the proper public official

6

substantially in accordance with the statute, when there is a claim of [the Commonwealth's] negligence, the likelihood of prompt attention to the matter to protect the interests of the [Commonwealth] and the public is materially diminished.' " Id. (quoting Town of Crewe v. Marler, 228 Va. 109, 113-14, 319 S.E.2d 748, 750 (1984)).

Bates contends that the trial court's reliance upon Halberstam was in error. She contends that this is so because her case is distinguishable on a number of grounds. Initially, Bates stresses that Halberstam was a premises liability case in which the claimant asserted injury due to a defect in one of a number of parking lots at a multi-campus state university. She notes that only one hospital in Charlottesville is designated as the University of Virginia Medical Center. Bates also asserts that in a premises liability case the "precise location" of the alleged defect is relevant to the determination of the owner's actual or constructive notice of the defect. She contends that in a medical malpractice case the focus is upon the actions of people and the specific location where the negligent conduct occurs is irrelevant. Bates seems to suggest that a different rule should apply to medical malpractice claims against the Commonwealth for this reason.

In a similar vein, Bates contends that the claimant in Halberstam initially had superior knowledge of the place where

7

the alleged injury occurred.  She argues that in her case it is the hospital that has the superior knowledge because Banks was an inpatient at the hospital for approximately three months, and the hospital kept track of her location on a daily basis. Furthermore, she argues that Banks was moved to different places within the hospital during her stay, and there is no reason to believe that Bates had any control over such moves.  Bates concludes that such superior knowledge held by the hospital distinguishes Halberstam from her case.

Finally, Bates contends that this Court erred when it recognized in Halberstam that the Virginia Tort Claims Act "is a statute in derogation of the common law doctrine of sovereign immunity and, therefore, must be strictly construed."  Id. at 250-51, 467 S.E.2d at 784.  She maintains that this Act should be given a liberal construction so that it achieves its remedial purposes.

The Commonwealth responds by asserting that Halberstam was correctly decided and is indistinguishable from the present case.  As it did in the trial court, the Commonwealth notes that in Halberstam there were multiple campuses and multiple parking lots; in the instant case, there are multiple buildings, with multiple floors and multiple rooms.  In Halberstam, the claimant did not specify the campus or parking lot in her notice of claim; in the instant case, the claimant did not specify the

8

building, floor, or room in her notice of claim. Thus, under Halberstam, Bates has failed to provide notice under Va. Code § 8.01-195.6, and her suit was properly dismissed.

For the reasons that follow, we are of opinion that, under the circumstances of this case, the notice of claim filed by Bates sufficiently complied with the requirements of Code § 8.01-195.6 regarding the identification of the place at which the injury to Banks was alleged to have occurred. In reaching this opinion, however, we expressly reject a number of the assertions related above by which Bates contends that her case may be distinguished from Halberstam or, indeed, that Halberstam was erroneously decided.

The degree of specificity sufficient to comply with the requirement of notice of the place at which the injury is alleged to have occurred contemplated by this statute is not dictated or varied by whether the claimant asserts a premises liability, medical malpractice, or some other cognizable tort claim against the Commonwealth. Superior knowledge of that place is also not a factor in determining the sufficiency of the mandated notice. And most importantly, we continue to be of opinion that the Virginia Tort Claims Act must be strictly construed because it was enacted in derogation of the common law of sovereign immunity. In short, Halberstam was correctly decided, and we in no way retreat from our holding in that case.

9

Because the Virginia Tort Claims Act constitutes a limited waiver of the Commonwealth's sovereign immunity rather than a blanket waiver, one obvious purpose of the requirements of Code § 8.01-195.6 is to provide notice to the Commonwealth of a facially cognizable claim so that the Commonwealth is in a position to investigate and evaluate that claim. The statute's mandate that the notice of claim include the "place at which the injury is alleged to have occurred" contemplates the reasonable identification of that place so that the purpose of the notice to the Commonwealth is accomplished in a particular case.

The concept of reasonableness does not lend itself to a bright-line test or dictate separate and distinct tests based on the nature of the asserted claim. Rather, its proper analysis and application is directed to the specific allegations of a notice of claim in a particular case. Thus, in Halberstam, the failure to identify the parking lot in which the claimant's injury was alleged to have occurred was not reasonably calculated to give the Commonwealth notice of that place because the university had a number of parking lots and more than one campus where the claimant's injury might have occurred.

In the present case, there is only one University of Virginia Medical Center in Charlottesville. Bates' notice of claim identified that place and also stated that Banks was admitted to that hospital and "while a patient" there was

injured by the alleged medical negligence of the employees of that hospital.  In combination, these assertions reasonably identified the place at which Bates alleged Banks was injured so that the Commonwealth could investigate and evaluate the claim. Under these circumstances, Code § 8.01-195.6 does not mandate that Bates was required to identify the floor or room within the hospital at which the alleged injury to Banks occurred because that degree of specificity was unnecessary to accomplish the purpose of the statute.

Accordingly, we hold that the trial court erred in sustaining the Commonwealth's plea of sovereign immunity and dismissing Bates' claim with prejudice.  The judgment of the trial court will be reversed and the case remanded for further proceedings.

Reversed and remanded.