## CIRCUIT COURT OF WISE COUNTY

Loretta Jones

    v.

Commonwealth of Virginia

June 11, 2004

Case No. CL03-201

BY JUDGE JOHN C. KILGORE

At the conclusion of an *ore tenus* hearing conducted at Wise County Circuit Court on May 19, 2004, the Court placed under advisement defendant's demurrer and motion for summary judgment based upon a plea of sovereign immunity. After a review of the demurrer, arguments of the parties, defendant's memorandum in support of motion for summary judgment, and the authorities cited by counsel, I make the following findings of fact and conclusions of law.

In this slip and fall action, brought under the Virginia Tort Claims Act (VTCA), Loretta Jones alleges that she sustained injuries resulting in pain and medical expenses from a fall on a wet floor at Red Onion State Prison. Ms. Jones alleges that the negligent actions of Red Onion employees, in allowing water to remain on the floor and failing to warn her of the hazard, were the proximate and direct cause of her injuries and loss.

The Commonwealth demurs and moves to dismiss based upon a plea of sovereign immunity, alleging that Ms. Jones failed to comply with mandatory and jurisdictional prerequisites to bringing suit under the VTCA. Specifically, the Commonwealth asserts that Ms. Jones failed to give requisite notice of claim pursuant to Virginia Code § 8.01-195.6 as applied in *Halberstam v. Commonwealth*, 251 Va. 248, by failing to provide, "the time and place at which the injury is alleged to have occurred and the agency or agencies

alleged to be liable." Ms. Jones counters that the notice of claim, admittedly received by the Attorney General's Office on December 30, 2002, satisfies the requirements of Virginia Code § 8.01-195.6 under the Virginia Supreme Court's holding in *Bates v. Commonwealth*, 267 Va. 387 (2004). The Court agrees with Ms. Jones, and the Commonwealth's demurrer is overruled and motion for summary judgment is denied.

In the instant case, Ms. Jones forwarded a notice of claim which was received by the office of the Attorney General on December 30, 2002. This document, referenced as "Exhibit A" to the Commonwealth's memorandum in support of its motion for summary judgment, informs the Commonwealth of Ms. Jones' identity and address, the location of her injury being the Red Onion State Prison in Pound, Virginia, as well as the date of her injury, and allegation that her injury was a result of the negligence of prison employees. The notice of claim also provides a brief description of the accident and injuries allegedly incurred by Ms. Jones.

The Commonwealth relies upon the Court's analysis in *Halberstam* for its assertion that the notice of claim is insufficient to comply with § 8.01-195.6. During *ore tenus* argument, the Commonwealth asserted that the facts of Ms. Jones' accident were analogous to the facts in *Halberstam*, and thus Ms. Jones' motion for judgment should be dismissed due to an insufficient notice of claim. I cannot agree.

In *Bates v. Commonwealth*, the court amplified its holding in *Halberstam* by establishing that the purpose of the notice requirement of § 8.01-195.6 is to:

> provide notice to the Commonwealth of a facially cognizable claim so that the Commonwealth is in a position to investigate and evaluate that claim. The statute's mandate that the notice of claim include the "place at which the injury is alleged to have occurred" contemplates the reasonable identification of that place so that the purpose of the notice to the Commonwealth is accomplished in a particular case.

*Bates*, 267 Va. at 394.

Therefore, the sufficiency of the notice provided to the Commonwealth is determined by whether such notice is reasonable given the facts of a particular case. In *Bates*, the court found a notice of claim stating the plaintiff was injured while a patient at the University of Virginia Medical Center in Charlottesville was both reasonable and sufficient to fulfill the purpose of § 8.01-195.6. The court went on to state that requiring Bates to identify the

floor or room within the hospital where the injury occurred would be to require a degree of specificity unnecessary to accomplish the purpose of the statute. *Bates*, at 394.

Ms. Jones' notice of claim identified the situs of the alleged injuries as the "Red Onion State Prison in Pound, Virginia." As with the University of Virginia Medical Center in Charlottesville, in *Bates*, the Red Onion State Prison in Pound is unique. In addition, Ms. Jones' status as a non-inmate at the Red Onion facility indicates that her movement within the facility was known to the prison personnel and limited to certain areas of the facility. This fact provides an even greater degree of specificity to the notice of claim than was present in the facts under which *Bates* was decided. Under these facts, the Court finds that the notice of claim provided by Ms. Jones reasonably identified the situs of the alleged fall and placed the Commonwealth in an adequate position to investigate and evaluate her claim.

Therefore, the Court overrules the Commonwealth's plea of sovereign immunity, overrules the Commonwealth's demurrer, and denies the Commonwealth's motion for summary judgment based on alleged insufficiencies in the § 8.01-195.6 notice of claim.