## CIRCUIT COURT OF THE CITY OF RICHMOND

Nicole E. Goff

v.

J. Sargeant Reynolds
Community College et al.

September 20, 2004

Case No. LS-1561-4

BY JUDGE RANDALL G. JOHNSON

This is an action against J. Sargeant Reynolds Community College and two of its employees and the Commonwealth of Virginia. Plaintiff claims that she was told in school brochures and by the individual defendants that, by following a certain course of study at Reynolds, she would qualify to take the Ophthalmic Assistant Certification Examination administered by the Joint Commission on Allied Health Personnel in Ophthalmology (" JCAHPO" ). After following the prescribed course of study, she was told by JCAHPO that Reynolds was not a JCAHPO accredited school, that Reynolds had never applied for such accreditation, and that none of the courses she took at Reynolds could be transferred to a JCAHPO accredited school. Her motion for judgment alleges causes of action for intentional misrepresentation, negligent misrepresentation, breach of contract, and intentional infliction of emotional distress. The case is before the court on defendants' demurrer and plea of sovereign immunity.

First, the court rejects defendants' argument that plaintiff's breach of contract claim is barred by sovereign immunity. The notion that sovereign immunity applies to contract claims has been specifically rejected by Virginia's Supreme Court on several occasions. In *Wiecking v. Allied Medical Supply*, 239 Va. 548, 391 S.E.2d 258 (1990), the Court said:

> The doctrine of sovereign immunity is "alive and well" in Virginia, as a defense to actions in tort … but we have never extended that defense to actions based upon valid contracts entered into by duly authorized agents of the government. … [T]he enactment of tort-claims legislation leaves unimpaired the existing remedies against the government for breaches of contract, even for contracts implied in fact which contain elements of a tort.

239 Va. at 551-52. *See also Bell Atlantic-Virginia v. Arlington County*, 254 Va. 60, 62, 486 S.E.2d 297 (1997); *Jenkins v. County of Shenandoah*, 246 Va. 467, 470, 436 S.E.2d 607 (1993).

As was said by Justice Russell in *County of York v. King's Villa*, 226 Va. 447, 309 S.E.2d 332 (1983), "[t]here is no doctrine of sovereign immunity in the law of contracts; a governing body is as accountable for breach of a valid contract as any other party would be." 226 Va. at 554. Although it is part of a dissenting opinion, Justice Russell's statement is the law of the Commonwealth. Defendants' arguments to the contrary are without merit.

Second, the court agrees with defendants that, if there was a contract, it was with J. Sargeant Reynolds or the Commonwealth of Virginia. It was not with the individual defendants. The individual defendants will be dismissed from the contract claim.

Next, the court has searched the Code of Virginia and has not found any reference to "J. Sargeant Reynolds Community College." While this is consistent with defendants' argument that Reynolds is not a separate legal entity but is part of the Commonwealth's community college system created by the General Assembly under Title 23, Chapter 16, of the Code of Virginia, the court is unwilling to sustain a demurrer on that ground. Instead, the court agrees with plaintiff that whether Reynolds is a legal entity capable of being sued is a question of fact that cannot be reached on demurrer.

With regard to plaintiff's intentional misrepresentation and negligent misrepresentation counts, the court agrees with defendants that what plaintiff really alleges is actual and constructive fraud. The court also agrees with defendants that breach of contract, no matter how intentional or wrongful, is normally not fraud. It is breach of contract. The law does recognize a cause of action for fraud, however, when the promisor has a present intention not to fulfill the promise:

> While failure to perform an antecedent promise may constitute breach of contract, the breach does not amount to fraud. But the promisor's intention X his state of mind X is a matter of fact. When he makes the promise, intending not to perform, his promise

is a misrepresentation of *present* fact, and if made to induce the promisee to act to his detriment, is actionable as an actual fraud.

*Colonial Ford v. Schneider*, 228 Va. 671, 677, 325 S.E.2d 91 (1985) (emphasis in original). *See also Sea-Land Service, Inc. v. O'Neal*, 224 Va. 343, 351-52, 297 S.E.2d 647 (1982); *Lloyd v. Smith*, 150 Va. 132, 145-47, 142 S.E. 363, (1928).

The allegations of the present motion for judgment are sufficient to state causes of action for actual and constructive fraud. Since fraud is a tort, however, the part of plaintiff's claim that alleges fraud falls within the ambit of Virginia's Tort Claims Act, Va. Code §§ 8.01-195.1 *et seq*. Consequently, to the extent constructive fraud is alleged and proved, only the Commonwealth may be sued. Va. Code § 8.01-195.3. To the extent actual fraud is alleged and proved against an individual defendant, that individual defendant is also liable since actual fraud is an intentional tort to which sovereign immunity does not apply. *Fox v. Deese*, 234 Va. 412, 424, 362 S.E.2d 699 (1987). Reynolds, whether or not a legal entity, cannot be sued in tort.

Also with regard to plaintiff's tort claims, defendants argue that the notice of claim submitted by plaintiff pursuant to § 8.01-195.6 is deficient because it does not specify the time, date, and place of the alleged injury. In support of their argument, defendants cite *Halberstam v. Commonwealth*, 251 Va. 248, 467 S.E.2d 783 (1996), and *Bates v. Commonwealth*, 267 Va. 387, 593 S.E.2d 250 (2004). The court rejects defendants' argument.

*Halberstam* was a personal injury case, plaintiff claiming that she was injured when she fell in a parking lot at George Mason University (" GMU" ), a state school. In holding that plaintiff's notice of claim was deficient, the Supreme Court quoted the following language about the purpose of the notice requirement from *Town of Crewe v. Marler*, 228 Va. 109, 319 S.E.2d 748 (1984):

> The arbitrary and peremptory provisions of the statute are necessary to accomplish the purposes of the enactment. Unless explicit notice in writing of the time and place of an accident is furnished the proper public official substantially in accordance with the statute, when there is a claim of municipal negligence, the likelihood of prompt attention to the matter to protect the interests of the municipality and the public is materially diminished. For this Court to place any limitation on the clear and comprehensive language of the statute, or to create an exception where none exists under the guise of statutory construction, would be to defeat the purpose of the enactment and to engage in judicial legislation.

251 Va. at 252 (*quoting* 228 Va. at 113-14). Noting that "[t]he parties stipulated that GMU has a number of parking lots and more than one campus," and that plaintiff "did not specify in which parking lot of which GMU campus she was injured," the Court in *Halberstam* concluded that "[s]uch lack of detail is, in essence, no notice at all." 251 Va. at 251. The Court affirmed the trial court's dismissal of the action.

In *Bates*, Debra Bates, as administrator of the Estate of Fannie Marie Banks, brought a wrongful death claim against the Commonwealth alleging medical malpractice at the University of Virginia Medical Center, a state hospital. In her notice of claim, Bates listed as the place of injury "University of Virginia Health Sciences Center, Charlottesville, Virginia." After again discussing the purpose of the notice requirement, including an extensive discussion of *Halberstam*, the Court held that the notice given by Bates was sufficient. Observing that "[t]he statute's mandate that the notice of claim include the 'place at which the injury is alleged to have occurred' contemplates the reasonable identification of that place so that the purpose of the notice to the Commonwealth is accomplished in a particular case," 267 Va. at 394, the Court said:

> The concept of reasonableness does not lend itself to a bright-line test or dictate separate and distinct tests based on the nature of the asserted claim. Rather, its proper analysis and application is directed to the specific allegations of a notice of claim in a particular case.

267 Va. at 294. Noting that "there is only one University of Virginia Medical Center in Charlottesville," and that Bates' "notice of claim identified that place and also stated that Banks was admitted to that hospital and 'while a patient' there was injured by the alleged medical negligence of the employees of that hospital," *id.*, the Court held:

> In combination, these assertions reasonably identified the place at which Bates alleged Banks was injured so that the Commonwealth could investigate and evaluate the claim. Under these circumstances, Code § 8.01-195.6 does not mandate that Bates was required to identify the floor or room within the hospital at which the alleged injury to Banks occurred because that degree of specificity was unnecessary to accomplish the purpose of the statute.

*Id.* at 294-95. The trial court's dismissal of the action was reversed.

The need for the place of injury to be set out in the notice of claim in the present action is even less than it was in *Bates*, and far less than it was in *Halberstam*. This is not a personal injury or wrongful death action. The Commonwealth does not need to inspect premises, or erect warning signs, or locate potential witnesses who were at a particular location on a particular date. Plaintiff complains about promises made in school documents and by school officials. The location of those documents and officials at the time of the alleged promises is irrelevant. Plaintiff's notice of claim is sufficient.

Lastly, defendants demur to plaintiff's claim of intentional infliction of emotional distress. That demurrer will be sustained.

In *Womack v. Eldridge*, 215 Va. 338, 210 S.E.2d 145 (1974), the Supreme Court set out the four elements of a claim of intentional infliction of emotional distress:

> One, the wrongdoer's conduct was intentional or reckless. This element is satisfied where the wrongdoer had the specific purpose of inflicting emotional distress or where he intended his specific conduct and knew or should have known that emotional distress would likely result. Two, the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality. This requirement is aimed at limiting frivolous suits and avoiding litigation in situations where only bad manners and mere hurt feelings are involved. Three, there was a causal connection between the wrongdoer's conduct and the emotional distress. Four, the emotional distress was severe.

215 Va. at 242.

In the present case, plaintiff has not alleged that her emotional distress was severe. *See Russo v. White*, 241 Va. 23, 27, 400 S.E.2d 160 (1991) ("[L]iability arises only when the emotional distress is extreme, and only where the distress inflicted is so severe that no reasonable person could be expected to endure it." ). While such omission might be corrected by amendment, no amendment will be allowed. This is because the law also requires that defendants' conduct be outrageous, something plaintiff cannot allege here.

In *Paroline v. Unisys Corp.*, 879 F.2d 100 (4th Cir. 1989), the court discussed the level of outrageousness required to maintain a claim of intentional infliction of emotional distress. Quoting the Restatement (Second) of Torts, the court said:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond

all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

Restatement (Second) of Torts § 46, comment d.

This court has previously adopted that view. *Morrissey v. Jennings*, 60 Va. Cir. 179, 186 (2002). It does so again. Even if all of the allegations in the present motion for judgment are true, defendants' conduct was not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." If plaintiff's allegations are true, defendants' conduct was wrongful. It was not "outrageous." Plaintiff's claim of intentional infliction of emotional distress will be dismissed.