PRESENT: Lemons, C.J., Mims, McClanahan, Powell, Kelsey, and Roush, JJ., and Koontz, S.J.

CHERYL ANN PHELAN

                                                          OPINION BY
v. Record No. 150591                          JUSTICE CLEO E. POWELL
                                                        FEBRUARY 12, 2016

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
Carl E. Eason, Jr., Judge

Cheryl Ann Phelan ("Phelan") appeals the decision of the trial court granting the

Commonwealth's special plea in bar of sovereign immunity because she failed to meet the

statutory notice requirements of the Virginia Tort Claims Act ("VTCA"), Code §§ 8.01-195.1

through -195.9.

I.  BACKGROUND

Phelan was an inmate incarcerated at the Deerfield Correctional Center.  On April 26,

2013, Phelan allegedly slipped on a zucchini and injured her knee while working in the canning

department of the Southampton complex.

On March 26, 2014, Phelan sent a notice of claim to the Attorney General purporting to

give notice of her claim against the Commonwealth for her injuries.  In her notice of claim,

Phelan specifically identified herself as an inmate at the Deerfield Correctional Center and

alleged that she sustained her injuries while she was working in the canning department in the

Southampton complex.  Phelan further claimed that her injuries occurred due to the negligence

of Lakeyta Lee ("Lee") and Assistant Warden Willette S. Copeland ("Copeland").

On November 7, 2014, Phelan filed a complaint against Copeland, Lee, and the

Commonwealth of Virginia.  In response, Copeland and Lee filed a special plea in bar, asserting

that Phelan's action was barred by the statute of limitations.  Phelan subsequently conceded that

her action against Copeland and Lee was barred by the statute of limitations.  As a result, the trial court sustained the plea in bar and dismissed the action against Copeland and Lee.

The Commonwealth also filed a special plea in bar asserting that Phelan's action was barred by sovereign immunity because Phelan failed to fulfill the statutory notice requirements of the VTCA.  The Commonwealth noted that Phelan failed to state the agency that was allegedly liable for her injuries in her notice of claim.  After considering the matter, the trial court agreed that Phelan's notice of claim was insufficient as a matter of law and sustained the Commonwealth's plea in bar.

Phelan appeals.

## II.  ANALYSIS

On appeal, Phelan argues that the trial court erred in sustaining the plea in bar because her notice of claim reasonably identifies the Department of Corrections as the agency allegedly liable for her injuries.  Phelan concedes that she did not expressly identify the Department of Corrections as the agency allegedly liable in her notice of claim, but she contends that her notice made it readily apparent as to which agency she was referring.

This Court has repeatedly held that "the doctrine of sovereign immunity is alive and well in Virginia."  Niese v. City of Alexandria, 264 Va. 230, 238, 564 S.E.2d 127, 132 (2002).  Therefore, "[i]n the absence of express statutory or constitutional provisions waiving immunity, the Commonwealth and its agencies are immune from liability for the tortious acts or omissions of their agents and employees."  Melanson v. Commonwealth, 261 Va. 178, 181, 539 S.E.2d 433, 434 (2001).  However, through the enactment of the VTCA, the General Assembly has provided an "express but limited waiver of the Commonwealth's immunity from tort claims."  Id.  As the VTCA is in derogation of the common law, "strict compliance with all of its provisions is

required." Halberstam v. Commonwealth, 251 Va. 248, 251, 467 S.E.2d 783, 784 (1996).

Furthermore,

> For this Court to place any limitation on the clear and comprehensive language of the statute, or to create an exception where none exists under the guise of statutory construction, would be to defeat the purpose of the enactment and to engage in judicial legislation.

Melanson, 261 Va. at 184, 539 S.E.2d at 436 (quoting Town of Crewe v. Marler, 228 Va. 109, 114, 319 S.E.2d 748, 750 (1984)) (emphasis added).

The portion of the VTCA at issue in the present case is the notice requirement, found in Code § 8.01-195.6. That statute states, in relevant part,

> Every claim cognizable against the Commonwealth . . . shall be forever barred unless the claimant or his agent, attorney or representative has filed a written statement of the nature of the claim, which includes the time and place at which the injury is alleged to have occurred and the agency or agencies alleged to be liable, within one year after such cause of action accrued.

Code § 8.01-195.6(A).

We have previously addressed what constitutes sufficient notice under Code § 8.01-195.6. In Halberstam, 251 Va. at 251, 467 S.E.2d at 785, the plaintiff's notice of claim stated that her injury occurred in "the school parking lot" of George Mason University ("GMU"). Noting that GMU "has a number of parking lots and more than one campus" and the plaintiff "did not specify in which parking lot of which GMU campus she was injured," this Court held that the notice of claim was insufficient because it did not include the specific location where the injury occurred.[*] Id.

---

[*] The Court further explained that, although the Commonwealth has actual notice regarding the specific location where the injury occurred, such notice did not "obviate [a plaintiff's] duty to strictly comply with the [VTCA's] notice provisions." Halberstam, 251 Va. at 252, 467 S.E.2d at 785.

3

We again addressed the matter of sufficient notice in Bates v. Commonwealth, 267 Va. 387, 394, 593 S.E.2d 250, 254 (2004). In Bates, we held that the plaintiff was only required to identify the University of Virginia Hospital as the place where the injury occurred; she was not required to narrow the identification to a specific "floor and room within the hospital." Id. at 394-95, 593 S.E.2d at 254-55. We explained that a notice of claim does not need to identify the exact location where the injury occurred, but it does need to reasonably identify the location where the injury occurred with sufficient specificity such "that the Commonwealth is in the position to investigate and evaluate [the] claim." Id. at 394, 593 S.E.2d at 254.

In making her argument, Phelan relies heavily on our holding in Bates. However, Bates is distinguishable from the present case in that the notice of claim in Bates actually included the place where the injury occurred and the issue before the Court was whether the notice included the requisite specificity. The same cannot be said in the present case. Phelan admitted that her notice of claim failed to include any direct mention of the specific agency that might be liable for her injuries. Thus, the present case does not involve the reasonable identification of the correct state agency; rather, it involves the absence of any attempt to meet one of the VTCA's specific notice requirements.

We recognize that Phelan's notice of claim leads to the logical inference that the Department of Corrections is the agency that Phelan was alleging to be responsible for her injuries. Indeed, it is this inference that Phelan relies on in arguing that her notice of claim meets the reasonable identification standard of Bates. We note, however, that the plain language of the VTCA requires that a claimant's notice of claim "include[] . . . the agency or agencies alleged to be liable." Code § 8.01-195.6(A). To allow Phelan to rely on such an inference, no matter how obvious or logical, would create an exception to the plain language of Code § 8.01-195.6(A). As

4

previously noted, the VTCA is in derogation of the common law and, therefore, "strict compliance with all of its provisions is required." Halberstam, 251 Va. at 251, 467 S.E.2d at 784. Therefore, the notice requirement must be applied in the form adopted by the General Assembly. Accordingly, we hold that a notice of claim that does not explicitly include the agency or agencies alleged to be liable is insufficient, even where such information is easily inferred from the notice of claim.

### III. CONCLUSION

Unlike in Bates and Halberstam, where the claimants at least attempted (with varying degrees of success) to meet the notice requirements of the VTCA, in the present case, Phelan has made no attempt to explicitly include the identity of the agency or agencies alleged to be liable in her notice of claim. As her reliance on inference does not meet the express notice requirements under Code § 8.01-195.6, her claim is barred by sovereign immunity. Accordingly, we will affirm the decision of the trial court.

Affirmed.