## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Commonwealth of Virginia

v.

Keith Allen Campbell

October 16, 2002

Case No. CL02-406

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented is whether the defendant, having been convicted of two misdemeanors, should have his gun permit revoked under Virginia Code § 18.2-308(J).

### Facts

Mr. Campbell obtained a five-year permit to carry a concealed firearm on April 10, 1998.

On February 24, 2000, Mr. Campbell was convicted of obstructing justice. On September 18, 2000, he was convicted of brandishing a firearm. Upon being notified of these convictions, the Commonwealth's Attorney filed this action to revoke Mr. Campbell's gun permit.

After a hearing on October 7, 2002, the court took the matter under advisement.

### Applicable Legal Principles

Virginia Code § 18.2-308 governs gun permits. Subsection E provides that a person is disqualified if he has been convicted of a felony, or of two or more misdemeanors one of which is a class 1 misdemeanor (with some exceptions not pertinent here).

Once issued, a permit is to be "forfeited" and "surrendered to the court" upon the permitee's conviction "of an offense that would disqualify that person from obtaining a permit under subsection E...." Virginia Code § 18.2-308(J).

Mr. Campbell argues that subsection J does not apply to misdemeanors because the phrase "an offense" is singular. In order to trigger the forfeiture provision, a person must be convicted of more than one offense if the offenses are misdemeanors. Thus, he argues, subsection J's reference to "an offense" must refer only to a felony conviction, not misdemeanors.

The primary objective of statutory construction is to ascertain and give effect to legislative intent. *Melanson v. Commonwealth*, 261 Va. 178, 539 S.E.2d 433 (2001). There are many rules for ascertaining the intentions of the legislature. In every case, however, the plain, obvious, and rational meaning of a statute is preferred over a narrow or strained construction. A statute is not to be construed by singling out a particular phrase; every part is presumed to have some effect and is not to be disregarded unless absolutely necessary. *Melanson, supra*; see generally 17 M.J., *Statutes*, § 35 et seq. The application of rules of grammar will not be permitted to defeat the purpose of a statute if that purpose can be otherwise ascertained. *Harris v. Commonwealth*, 142 Va. 620, 128 S.E. 578 (1925).

Mr. Campbell is correct that the forfeiture provision of subsection J speaks in the singular. It provides that any person convicted of an offense that would disqualify that person from obtaining a permit under subsection E shall forfeit his permit. He is also correct in observing that one felony conviction is a qualifying event but it takes at least two misdemeanor convictions to disqualify a person. But to construe subsection J in such a narrow fashion as espoused by Mr. Campbell, giving primary emphasis to the grammatical form of the noun "offense," would thwart the purpose of subsection J.

Clearly, subsection J is designed to trigger a forfeiture of a gun permit upon the occurrence an event that would be a disqualifying event under subsection E. This is plain from the sentence that comes immediately after the sentence that contains the phrase "an offense." That sentence provides: "Upon receipt by [CCRE] of a record of *arrest, conviction, or occurrence of any other event* which would disqualify a person from obtaining a concealed handgun permit under subsection E, [CCRE] shall notify the court ... of such disqualifying arrest, conviction or other event." (Emphasis added.)

Considering all the language of subsection J as a whole, the intent is obvious: subsection J is an inclusive provision whose purpose is to cause a forfeiture in any case where a permittee finds himself in a situation that would

disqualify him under subsection E from obtaining a permit in the first instance.

Giving subsection J that more reasonable construction, the phrase "an offense" refers to the second misdemeanor offense, the offense which triggers a disqualification under subsection E, and, consequently, a forfeiture under subsection J.

## Conclusion

The court is of the opinion that Mr. Campbell's gun permit should be forfeited, pursuant to subsection J of § 18.2-308. He must surrender it promptly to the clerk's office of this court.