# CIRCUIT COURT OF FAIRFAX COUNTY

Marissa Ahari,
Administrator and
Representative of
Alexandra Ahari

v.

Fairfax County et al.

July 12, 2006

Case No. CL-2006-0002553

BY JUDGE JONATHAN C. THACHER

This matter came on May 26, 2006, for a hearing on Defendant's Demurrer, Plea of Sovereign Immunity, and Plea of Statute of Limitations. After considering counsels' arguments and briefs and reviewing the applicable law, the Court reaches the findings and conclusions stated below.

## I. *Background*

This case involves an automobile accident. Plaintiff Marissa Ahari ("Ahari") is the Administrator and Representative of Alexandra Ahari. On or about May 18, 2004, Alexandra Ahari was involved in a car accident on Route 606, otherwise known as Baron Cameron Avenue, in Fairfax County, Virginia. Alexandra Ahari's vehicle shifted off of the road and onto an

unpaved shoulder, at which point she lost control of her car, crossed the median, and was struck by an oncoming car.. Alexandra Ahari died due to injuries sustained from the car accident.

Plaintiff claims that the Commonwealth of Virginia was negligent in its maintenance of Route 606 and that that negligent maintenance was the cause of the automobile accident and the resulting injuries and death of Alexandra Ahari. Plaintiff's first notice of claim was served upon the Commonwealth of Virginia's Division of Risk Management on November 17, 2004. This notice of claim was not sent by certified mail, return receipt requested, nor did it specify the agency or agencies alleged to be liable. Plaintiff sent a second notice of claim on January 24, 2005, which was properly mailed, but again failed to specify the agency or agencies alleged to be liable.

## II. *Discussion*

Defendant Commonwealth of Virginia argues that Plaintiff has not stated a cause of action against the Commonwealth and accordingly brings a Demurrer. The Commonwealth in its Plea in Bar argues that the Plaintiff's claim is barred by Sovereign Immunity and is also barred by the Statute of Limitations.

### A. *Demurrer*

The Commonwealth claims that Plaintiff's allegations of fact are insufficient to support of cause of action for negligence. The Commonwealth argues that Plaintiff's Complaint merely alleges that Alexandra Ahari shifted off the shoulder, which was unpaved, and lost control. The Commonwealth claims that negligence cannot stem from the mere fact that the shoulder is unpaved, given that unpaved shoulders abound in the Commonwealth. Plaintiff never alleges that the shoulder was in some way negligently maintained. The Commonwealth next claims that Complainant's plea for punitive damages is barred the Va. Code Ann. § 8.01-195.3. Given that Plaintiff never alleged that Route 606 was negligently maintained and Plaintiff cannot claim punitive damages, the Commonwealth asks that the demurrer be sustained.

Plaintiff argues that they have met their burden by alleging the time and place of the accident, that the accident was caused by a negligently unpaved shoulder, and that it is the Commonwealth's responsibility to safely maintain the shoulder.

"A demurrer admits the truth of all material facts properly pleaded. Under this rule, the facts admitted are those expressly alleged, those which can fairly be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 431 S.E.2d 277 (1993). When a motion for judgment or a bill of complaint contains sufficient allegations of material facts to inform a defendant of the nature and character of the claim, it is unnecessary for the pleader to descend into statements giving details of proof in order to withstand demurrer. *Id.*

In the instant case, Plaintiff has adequately stated a claim for negligence by the Commonwealth. The fact that something is common does not mean that it is not negligent. Plaintiff Ahari has expressly alleged that the failure to pave the road was negligent, so the demurrer is overruled to the extent that this Court finds the Complaint to sufficiently state a cause of action. However, the Virginia Tort Claims Act does indeed bar the claim for punitive damages. Va. Code Ann. § 8.01-195.3. Therefore, the Commonwealth's Demurrer is sustained as to Plaintiff's claim for punitive damages.

## B. *Plea of Sovereign Immunity*

Va. Code § 8.01-195.6, also known as the Virginia Tort Claims Act, mandates that the complainant must file a written statement of the nature of the claim, which includes the (1) time and place at which the injury is alleged to have occurred and (2) the agency or agencies alleged to be liable and then (3) mail the notice of claim via the United States Postal Service by certified mail, return receipt requested, addressed to the Director of the Division of Risk Management or the Attorney General. The Virginia Tort Claims Act is in derogation of common law and therefore the limited waiver of immunity must be strictly construed. *Melanson v. Commonwealth*, 261 Va. 178, 181, 539 S.E.2d 433, 434 (2001).

The Commonwealth claims that Plaintiff's first notice was improperly mailed and thus did not serve proper notice. Plaintiff's second notice was properly mailed and addressed the location of the injury, but did not specify the agency or agencies liable. The Commonwealth also argues that, even if the agency was known to the Commonwealth, "actual notice does not obviate [Plaintiff's] duty to strictly comply with the Act's notice provisions." *Halberstam v. Commonwealth*, 251 Va. 248, 252, 467 S.E.2d 783 (1996). Finally, the Commonwealth argues that there is a discrepancy between the term "unpaved shoulder" which was used in the complaint and "uneven

graded shoulder" used in the notice. This discrepancy prevented actual notice from being provided is required under the Virginia Tort Claims Act.

Plaintiff argues that the purpose of notice is to allow the city to apprise the Attorney General or the Director of Division of Risk Management of the essential facts of the claim. *Rector and Visitors Univ. of Va. v. Carter*, 267 Va. 242, 591 S.E.2d 76 (2004). Also, notice to a municipality is supposed to allow a prompt investigation of the claim and correct dangerous conditions and allow for tort settlements. *Town of Crewe v. Marler*, 228 Va. 109, 319 S.E.2d 748 (1984). Since notice was given to the Commonwealth, which is responsible for the maintenance of the roads, Plaintiff argues that specifying the Virginia Department of Transportation is not mandated by case law for Notice of Claim.

Additionally, by analogy, since individual agencies are still granted immunity under the Tort Claims Act, the Commonwealth is the specific party to sue and therefore to whom notice should be given. Finally, Plaintiff argues that notice was substantially in compliance with the Tort Claims Act (the standard for notice to municipalities and cities under *Town of Crewe* at 112) being that there is only one appropriate agency within the Commonwealth that is responsible for the maintenance of the roads.

The Court agrees with the Commonwealth. *Melanson* is controlling in this case, and Va. Code § 8.01-195.6 must be strictly construed. Va. Code § 8.01-195.6 clearly mandates that the written complaint must include the agency or agencies alleged to be liable. In the instant case, Plaintiff's first Notice of Claim was deficient in not naming the agency allegedly responsible for negligently maintaining the road and for not being delivered via certified mail, return receipt requested. Plaintiff's second Notice of Claim was deficient for again failing to name the agency allegedly liable for negligently maintaining the road. No additional Notices of Claim were mailed in a timely manner. Accordingly, Commonwealth's Plea of Sovereign Immunity is granted.

## III. *Conclusion*

The Commonwealth's Demurrer is overruled in part, as to failure to state a claim, and sustained in part, as to punitive damages. The Commonwealth's Plea in Bar is granted. Accordingly, the Commonwealth is hereby dismissed from this matter with prejudice.