PRESENT:  Hassell, C.J., Lacy, Keenan, Lemons, and Agee, JJ.,
and Carrico and Russell, S.JJ.

BETTY KERSEY HALEY, INDIVIDUALLY
AND AS EXECUTRIX/ADMINISTRATOR

                                          OPINION BY
v. Record Number 052609          JUSTICE G. STEVEN AGEE
                                          November 3, 2006
JAMES CLIFTON HALEY

                FROM THE CIRCUIT COURT OF LEE COUNTY
                       Birg E. Sergent, Judge

     Betty Kersey Haley appeals from the judgment of the Circuit

Court of Lee County sustaining a demurrer to her amended bill of

complaint and petition for contribution.  At issue in this

appeal is whether the trial court erred in finding that Haley

failed to comply with the requirements of Code § 64.1-13 in

order to claim an elective share of her deceased husband's

estate.  For the reasons set forth below, we will affirm the

judgment of the trial court.

             I. BACKGROUND AND MATERIAL PROCEEDINGS BELOW

     Hoover Clifton Haley ("H.C.") died intestate on October 22,

2003.  Surviving H.C. were his widow, Betty Kersey Haley

("Haley"), and his son from a previous marriage, James Clifton

Haley ("James").  Haley qualified as the administrator of H.C.'s

estate on December 22, 2003.  On February 12, 2004, a document

was filed in the clerk's office of the trial court claiming an

elective share for Haley in H.C.'s estate ("the February 12th

document").  The February 12th document showed the following

typed words in a signature block at the end of the document: "Betty Kersey Haley / By Counsel / _____ / Lonnie L. Kern" and was signed by Mr. Kern as Haley's attorney. The February 12th document did not contain Haley's personal signature and was not acknowledged.

Haley filed a petition for contribution and bill of complaint to enforce her claim to the elective share. James filed a demurrer, asserting that Haley's claim to an elective share was ineffective because the February 12th document failed to meet the requirements of Code § 64.1-13 in that it was not personally executed by the claimant and failed to contain the acknowledgment required by the statute. By order dated December 30, 2004, the trial court sustained James' demurrer, but granted Haley leave to file an amended bill of complaint.

Haley filed a new election for elective share, personally executed by her and properly acknowledged by a notary public, on January 28, 2005. That same day, she filed an amended bill of complaint and petition for contribution to enforce her right to an elective share. James again demurred because "the amended claim to [an] elective share was, and can be of no legal effect, not having been filed within six (6) months of plaintiff's qualification as administrator of the H.C. Haley intestate estate as required by Code § 64.1-13." By order dated August 18, 2005, the trial court sustained James' demurrer, finding:

2

the [February 12, 2004] writing filed on behalf of [Haley] was ineffective as a claim to the elective share in that it was neither signed nor acknowledged by [Haley] as required by § 64.1-13 of the Code of Virginia [and, therefore,] no effective claim to the elective share was filed within six months of [Haley's] qualification as administrator of [H.C.'s] estate.

We awarded Haley this appeal.

## II. ANALYSIS

Haley alleges the trial court erred because the requirements of Code § 64.1-13 were "substantially met" when Haley's attorney "signed as her agent the election for her share" in H.C.'s estate and James "received actual notice of Mrs. Haley's Election." Haley contends that because the uncontroverted evidence showed her attorney signed the February 12th document with her "permission and authorization," the attorney's signature satisfied the requirements of Code § 64.1-13.

James responds that the text of Code § 64.1-13 is "clear and unambiguous," permitting a surviving spouse to claim an elective share "in person before the court having jurisdiction . . . or by writing recorded . . . upon proper acknowledgement or proof." James asserts the February 12th document failed to comply with this requirement because it was neither personally signed by Haley nor acknowledged. In addition, James contends that whether he received "actual notice" of Haley's election is

3

irrelevant to determining whether Haley satisfied the requirements for claiming an elective share.

Statutory interpretation is a "pure question of law subject to de novo review by this Court." Virginia Polytechnic Inst. & State Univ. v. Interactive Return Serv., 271 Va. 304, 309, 626 S.E.2d 436, 438 (2006) (citing Ainslie v. Inman, 265 Va. 347, 352, 577 S.E.2d 246, 248 (2003)). The Court's function is to "ascertain and give effect to the intention of the legislature," which is usually self-evident from the statutory language. Id. (quoting Chase v. DaimlerChrysler Corp., 266 Va. 544, 547, 587 S.E.2d 521, 522 (2003)). When the statutory language is "clear and unambiguous, we apply the statute according to its plain language." Id. (citing HCA Health Servs. v. Levin, 260 Va. 215, 220, 530 S.E.2d 417, 419-20 (2000)).

The text of Code § 64.1-13 is unambiguous: "The claim to an elective share shall be made . . . by writing recorded in [the court having jurisdiction], or the clerk's office thereof, upon such acknowledgment or proof as would authorize a writing to be admitted to record under Chapter 6 (§ 55-106 et seq.) of Title 55." Code § 55-106 unequivocally requires that in order for a writing to be admitted to record, the original signature of the person executing the document "shall have been acknowledged by him." This requirement also applies to a writing when executed on behalf of another: "When such writing is signed by a person

4

acting on behalf of another, or in any representative capacity, the signature of such representative may be acknowledged or proved in the same manner."  Code § 55-106.

To claim an elective share, the claimant must strictly comply with the requirements set forth in the statute.  The February 12th document does not bear the requisite acknowledgment or proof to be admitted to record under Code § 55-106.  As a matter of law, the February 12th document was thus ineffective to make a claim of an elective share because it failed to comply with the Code § 64.1-13 acknowledgement requirement.  The later filing on January 28, 2005 was also ineffective because it was not filed within the six-month time period required by Code § 64.1-13 and therefore also fails as a matter of law.

Contrary to Haley's argument, "actual notice" and substantial compliance are not sufficient to satisfy the requirements for claiming an elective share under Code § 64.1-13.  The clear and unambiguous requirements of Code § 64.1-13 are mandatory.  The rationale we noted in the analogous context of the written notice requirement in Code § 8.01-222, applies with equal strength here

> unless the legislature makes exceptions to cover
> circumstances not specifically stated in the statute,
> such exceptions do not exist. . . . The arbitrary and
> peremptory provisions of the statute are necessary to
> accomplish the purposes of the enactment. . . . For

5

> this Court to place any limitation on the clear and comprehensive language of the statute, or to create an exception where none exists under the guise of statutory construction, would be to defeat the purpose of the enactment and to engage in judicial legislation.

Crewe v. Marler, 228 Va. 109, 113-14, 319 S.E.2d 748, 750 (1984) (holding town's "actual notice" of an accident did not remove the injured party's duty to provide written notice as required under Code § 8.01-222 in order to bring a damages suit for personal injury against the town); see also Halberstam v. Commonwealth, 251 Va. 248, 251-52, 467 S.E.2d 783, 785 (1996) (holding "actual notice" insufficient to satisfy notice requirements of the Virginia Tort Claims Act).  Code § 64.1-13 sets forth the means for claiming an elective share, and requires the election to be acknowledged.  To permit "actual notice" to suffice would create an exception that has no basis in the text of the statute.  Accordingly, actual notice does not satisfy the requirements for claiming an elective share under Code § 64.1-13.

The trial court thus did not err in finding that Haley's attempts to claim an elective share did not satisfy the requirements of Code § 64.1-13 and in sustaining the demurrer.[*]  Accordingly, we will affirm the judgment of the trial court.

---

[*] Because we find no error in the trial court's ruling that the February 12, 2004 document fails to satisfy the requirements of Code § 64.1-13 because it does not contain an acknowledgment

6

                                                                                                        <u>Affirmed</u>.

---

or proof, we need not address Haley's argument that an attorney can make a claim of an election under Code § 64.1-13 for his or her client and express no opinion in that regard.