# CIRCUIT COURT OF SURRY COUNTY

James G. Truelove,
a minor, et al.

v.

Commonwealth of Virginia

August 29, 2012

Case No. CL11-1048

By Judge W. Allan Sharrett

The following is the Court's decision regarding Defendant's plea of sovereign immunity in the case of Truelove v. Commonwealth, Case No. CL11-1048.

## I. *Summary of Facts*

On January 17, 2010, during an overnight stay at Chippokes Plantation State Park, eleven-year-old James Truelove fell off the top bunk of a bunk bed that was not secured with a guardrail. On May 3, 2010, he sent notice of his intention to assert a claim under the Virginia Torts Claim Act, § 8.01-195.1 et seq., via certified mail to the Division of Risk Management. The letter of notice included the specific time and place of injury, but did not allege that any specific agency was responsible; it only claimed the Commonwealth was liable as the defendant. On August 18, 2011, Truelove filed his complaint against the Commonwealth, which timely asserted its defenses of defective notice and sovereign immunity. In response, Truelove argued that his notice was appropriate and that the Commonwealth was not immune, but he did not amend his notice or complaint. On March 7, 2012, the Court heard oral arguments regarding both issues, took the matter under advisement, and today announces its decision.

## II. *Discussion*

### A. *Notice*

Plaintiff's letter of notice fails to comply with Virginia law. Under the common law, Virginia as a sovereign entity is immune from all lawsuits, but sets that immunity aside for plaintiffs who follow the requirements of the Virginia Tort Claims Act ("VTCA"). Va. Code Ann. § 8.01-195.6. Because it is in derogation of the common law, however, the VTCA must be construed strictly. *Melanson v. Commonwealth*, 261 Va. 178, 181 (2001). With that standard, the VTCA requires a plaintiff to give notice to the Division of Risk Management of (1) the time and place of injury and (2) the liable agency. Va. Code Ann. § 8.01-195.6. Plaintiff's notice to the Division of Risk Management did not charge any agency with liability; it merely listed Chippokes Plantation State Park as the location of the injury. Because Plaintiff did not list the Virginia agency which runs the state parks, the Department of Conservation and Recreation, as the responsible agency, he has not complied with the VTCA. Furthermore, Plaintiff did not amend his notice to correct this defect within a year from the date of injury, as allowed by Va. Code Ann. § 8.01-195.7.

The task of determining which agency is liable is usually easy; for example, an online search for Chippokes Plantation State Park leads immediately to the Department of Conservation and Recreation's website. Hence, most cases alleging defective notice focus on the requirement of showing the time and place of injury. *See Halberstam v. Commonwealth*, 251 Va. 248 (1996) (finding notice defective because it did not identify the specific college campus or parking lot where the alleged accident occurred); *Bates v. Commonwealth*, 267 Va. 387 (2004) (holding notice valid when only one campus existed with that name, while a room number was unnecessarily specific). However, the Fairfax County Circuit Court decided *Ahari v. Fairfax County*, 71 Va. Cir. 268 (Fairfax County 2006), on the issue of naming the responsible agency. In *Ahari*, the plaintiff alleged a problem with the shoulder of the road, but did not list the Virginia Department of Transportation as the agency responsible for the injury. Even though it was the only possible agency which could be responsible, the plaintiff merely claimed the Commonwealth was liable, and the court found the notice to be incomplete. *Ahari*, 71 Va. Cir. at 271.

In the present case, the Department of Conservation and Recreation ("DCR") administers all the state parks, just as the Department of Transportation manages all the roads. Thus, the responsible agency received actual notice and, probably, was the only agency that could be responsible. The Commonwealth has noted that the Department of Corrections, which built the bunk beds in Chippokes Plantation State Park, might possibly be liable in the present case, though. While *Ahari* may not bind this court,

*Melanson* does; and a strict construction of the VTCA requires Truelove to file a complete complaint, which he failed to do. We agree with our sister court in Fairfax that plaintiffs must list the responsible agency in their notice to the Division of Risk Management.

No other factors mitigate this failure. While the Commonwealth admits it had actual notice of the DCR's liability, actual notice does not obviate a duty to comply strictly with the VTCA. *Haley v. Haley*, 272 Va. 703 (2006); *Halberstam v. Commonwealth*, 251 Va. 248, 252 (1996). Truelove also claims to have substantially complied with the VTCA as *Town of Crewe v. Marler*, 228 Va. 109 (1984), allows, but no example of substantial compliance exists except allowing another to file the complaint on behalf of the plaintiff. *See Heller v. City of Virginia Beach*, 213 Va. 683, 685, 194 S.E.2d 696, 698 (1973). Furthermore, *Marler* and *Heller* dealt with municipal liability where the responsible party is always a city. Additionally, the court in *Marler* held that, where an element was wholly absent rather than partially complete, notice was defective. 228 Va. at 113. Since Plaintiff neglected to list any agency as liable, an entire element of his notice is missing, and notice is, therefore, incomplete.

While actual or substantial notice may accomplish all the purposes of general notice rules, the Court is not at liberty to rewrite the VTCA. Plaintiffs who wish to sue the Commonwealth must follow the rules the legislature has established, as only the legislative branch of government may rewrite the law.

## 2. Immunity

The Court would add, in dicta, that Plaintiff would not prevail even if notice were proper. The legislature designed the VTCA to allow citizens to sue for the negligence of employees of the Commonwealth, and not for legislative choices. Va. Code Ann. § 8.01-195.3. Plaintiff argues that renting cabins at Chippokes Plantation State Park is a proprietary function rather than a legislative one because it only helps a few people, not the general population. *See VEPCO v. Hampton Redevel. Auth.*, 217 Va. 30, 36 (1976); *Fenon v. City of Norfolk*, 203 Va. 551, 556 (1962). Both cases Plaintiffs cite, however, specifically limit this argument to municipalities, and not the Commonwealth, and are, thus, inapplicable. *VEPCO*, 217 Va. at 34; *Fenon*, 203 Va. at 555. The Court is left with a legislative decision to reduce costs of construction and maintenance of cabins in order to allow more citizens to enjoy them in a manner unlikely to cause injury. That legislative decision by the DCR is immune from suit.

## III. *Conclusion*

Because the Court must construe the VTCA strictly, plaintiffs must comply with all requirements. Truelove failed to list the Virginia agency responsible for his injury within the time allowed by statute. As a result, his claim is forever barred, and the Court grants the Commonwealth's plea of sovereign immunity and dismisses the complaint.