# CIRCUIT COURT OF FAIRFAX COUNTY

John C. Grubb

v.

Maurice T. Yacoub et al.

July 3, 2013

Case No. CL-2012-10103

By Judge Robert J. Smith

This matter comes before the Court on the Demurrer filed by Defendant Maurice T. Yacoub (the "Defendant"), on behalf of the Estate of Bertha Khoury Grubb ("Bertha"), to the Petition by Surviving Spouse Pursuant to Virginia Code § 64.1-16.2 for Determination of Elective Share of Augmented Estate and the Ratable Portion of the Elective Share Attributable to Each Person Liable to Contribution (the "Petition") filed by Petitioner John C. Grubb (the "Petitioner"), on behalf of the Estate of Marvin J. Grubb ("Marvin").

## Background

Bertha and Marvin were lawfully married on June 15, 1980, in Charlottesville, Virginia. Bertha died on October 9, 2010. Bertha's Last Will and Testament, dated November 20, 1987 (the "Will"), was probated in the Clerk's Office of the Circuit Court of Fairfax County, Virginia, on November 15, 2010. The Defendant qualified as Executor of Bertha's Estate on November 15, 2010. Marvin was omitted from consideration under the terms of the Will.

Marvin executed a Durable General Power of Attorney (the "Power of Attorney") appointing the Petitioner as his attorney-in-fact. On December 10, 2010, pursuant to Virginia Code § 64.1-13 (Va. Code § 64.1-13 was repealed effective October 1, 2012, and recodified as § 64.2-302), Marvin claimed his elective share of Bertha's augmented estate by filing a written Notice to Take Elective Share (the "Notice") in the Clerk's Office

of the Circuit Court of Fairfax County, Virginia. The Notice was signed by the Petitioner, as Attorney-in-fact for Marvin, pursuant to the Power of Attorney, and was properly acknowledged before a notary public. Marvin, due to his incapacity, did not sign the Notice to Take Elective Share. Marvin died on September 24, 2011. The Petitioner qualified as the Executor of Marvin's Estate on December 21, 2011.

The Petitioner filed the Petition on July 11, 2012, seeking (1) a determination by the Court of the elective share of Bertha's augmented estate, (2) a determination of the ratable portion of the elective share attributable to each person liable to contribution, and (3) an order directing the method by which the liability of each person to the petition is to be satisfied.

## Issue Presented

The question before the Court on the Defendant's Demurrer is whether a claim for elective share, signed and properly acknowledged by the attorney-in-fact for a surviving spouse, but not the surviving spouse himself, constitutes a valid claim under Virginia Code § 64.1-13.

## Standard of Review

A demurrer tests whether the plaintiff's pleading states a cause of action upon which relief can be granted. Va. Code Ann. § 8.01-273(A). The sole question to be decided by the court is whether the facts pleaded, implied, and fairly and justly inferred are legally sufficient to state a cause of action against the defendant. *Thompson v. Skate America, Inc.*, 261 Va. 121, 128, 540 S.E.2d 123 (2001). A demurrer admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts. *Cox Cable Hampton Roads, Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652 (1991). A demurrer does not admit the correctness of any conclusions of law. *Ward's Equip., Inc. v. New Holland North America, Inc.*, 254 Va. 379, 382, 493 S.E.2d 516 (1997). Where the pleading lacks sufficient definiteness to enable the court to find a legal basis for its judgment, the demurrer must be sustained. *Mark Five Constr., Inc. v. Castle Contractors*, 274 Va. 283, 287-88, 645 S.E.2d 475 (2007).

## Analysis

The controlling statute is Va. Code § 64.1-13, which governs when and how elective share may be claimed:

> Whether or not (i) any provision for a husband or wife is made in the spouse's will, or (ii) the spouse dies intestate, the surviving husband or wife of a decedent who dies domiciled

in this Commonwealth may, within six months from the later of (i) the time of the admission of the will to probate or (ii) the qualification of an administrator on the intestate estate, claim an elective share in the spouse's augmented estate. The claim to an elective share shall be made either in person before the court having jurisdiction over administration of the decedent's estate or by writing recorded in such court, or the clerk's office thereof, upon such acknowledgement or proof as would authorize a writing to be admitted to record under Chapter 6 (§ 55-106 et seq.) of Title 55.

Va. Code § 64.1-13(A). Va. Code § 55-106 provides that the circuit court of any county or city, or the clerk of any such court, "shall admit to record any such writing as to any person whose name is signed thereto with an original signature . . . when it shall have been acknowledged by him." The statute provides that the same requirement also applies to a writing executed on behalf of another: "When such writing is signed by a person acting on behalf of another, or in any representative capacity, the signature of such representative may be acknowledged or proved in the same manner." Va. Code § 55-106.

In the instant case, pursuant to § 64.1-13, Marvin claimed his elective share of Bertha's Estate by filing a written claim in the Clerk's Office of the Circuit Court of Fairfax County, Virginia, on December 10, 2010. The Petitioner signed the Notice as Attorney-in-fact for Marvin, pursuant to the Power of Attorney, and the Petitioner's signature was acknowledged by a Notary Public for the Commonwealth of Virginia. The Notice was not signed by Marvin himself.

Two cases are referenced in support of the argument on demurrer. The Defendant cites to the case of *First National Bank of Roanoke v. Hughson*, 194 Va. 736, 74 S.E.2d 797 (1953), for the notion that the right of a surviving spouse to renounce a will and take the share of a decedent spouse's estate is personal to the surviving spouse and cannot be exercised by another in his or her stead. This case involved the predecessor statute to § 64.1-13. The Defendant also relies on the case of *Haley v. Haley*, 272 Va. 703, 636 S.E.2d 400 (2006), in which the Supreme Court of Virginia held that a claimant seeking to claim an elective share must strictly comply with the requirements set forth in § 64.1-13. 272 Va. at 707.

The Defendant's argument is that, similar to *Haley*, Marvin's attempted claim for elective share does not comply with, and is thus ineffective under the requirements of § 64.1-13, because the attorney in fact, not Marvin as the surviving spouse, signed the Notice to Take Elective Share. Further, the Defendant asserts, the Power of Attorney does not include the power to claim the elective share.

The Petitioner argues in opposition that the Supreme Court of Virginia in *Haley* left the door open to a writing to claim an elective share executed on behalf of another that is acknowledged in accordance with § 55-106, the situation presented in the instant case.

The 1953 *First National* case involved the attempted renunciation in open court of a will by the guardian of an incompetent widow who sought to claim the elective share of her deceased husband's estate. The Supreme Court of Virginia held that neither the language nor a fair implication of § 64.1-13 authorizes renunciation of a will on behalf of an incompetent widow by the sole act of her guardian and that the attempted renunciation was thus ineffective. 194 Va. 736, 74 S.E.2d 797.

In *Haley*, the widow of a husband who died intestate sought to file a claim for elective share of his estate. A document seeking to claim the elective share was filed in the clerk's office of the trial court and was signed by the attorney for the surviving spouse. The document did not contain the signature of the surviving spouse herself, and it was not acknowledged.

The trial court, in its order sustaining the defendant's demurrer, stated its findings as follows:

> the [February 12, 2004] writing filed on behalf of [the surviving spouse] *was ineffective as a claim to the elective share in that it was neither signed nor acknowledged by [the surviving spouse]* as required by § 64.1-13 of the Code of Virginia [and, therefore,] no effective claim to the elective share was filed within six months of [the surviving spouse's] qualification as administrator of [the decedent spouse's] estate.

272 Va. at 706 (emphasis added).

In its decision on the appeal granted to the surviving spouse, the Supreme Court of Virginia held that the attorney's attempted renunciation was ineffective as a matter of law to make a claim for elective share because it failed to comply with the acknowledgement requirement of § 64.1-13. 272 Va. at 707.

A second claim for elective share was subsequently attempted. That attempted claim was personally executed by the surviving spouse and acknowledged before a notary public. This later filing was held by the Court to be ineffective as a matter of law for a different reason, it was not filed within the six-month period of time prescribed by § 64.1-13. 272 Va. at 707.

The *Haley* decision held that a claimant seeking to claim an elective share must strictly comply with the requirements set forth in § 64.1-13. *Id.* It is significant to note, however, that the Court's opinion in that case held the attempted claim ineffective as a matter of law specifically because the document failed to comply with the § 64.1-13 acknowledgement requirement. The Court's decision makes no mention of the first prong of

the trial court's two-part conclusion as to why the document was ineffective as a claim for elective share, specifically, that it was not signed by the surviving spouse herself.

The two methods for claiming an elective share are set forth in § 64.1-13, which provides, in pertinent part:

> The claim to an elective share shall be made *either in person before the court* having jurisdiction over administration of the decedent's estate *or by writing recorded in such court*, or the clerk's office thereof, upon such acknowledgement or proof as would authorize a writing to be admitted to record under Chapter 6 (§ 55-106 *et seq.*) of Title 55.

Va. Code § 64.1-13(A) (emphasis added). The first part of that statute requires an appearance before the court *in person*. The second part governs the manner by which a claim for elective share may be made by a writing recorded in the court or the clerk's office upon the proper acknowledgement or proof, as set forth in § 55-106.

The Supreme Court of Virginia specifically stated in a footnote in *Haley* that it was not addressing the issue of whether an attorney can make a claim for elective share under § 64.1-13 for a client. 272 Va. at 708. This strongly suggests that the *Haley* decision purposefully left the door open for a claim made in writing and signed and acknowledged by another in accordance with § 55-106.

It is the opinion of this Court that the plain language of § 64.1-13 does *not* require that the surviving spouse sign the written claim for the elective share. Further, it can be implied from the Court's opinion in *Haley* that the words "in person" modify only "before the court," and do not modify "by writing," which is to be construed according to § 55-106. The *Haley* decision does not say acknowledgement by whom is required by § 64.1-13 and specifically points to § 55-106 as applicable to a writing executed on behalf of another.

Here, the Court finds that the facts of the instant case are distinguishable from both *First National* (involving an attempted renunciation by the guardian for an incompetent surviving spouse) and *Haley* (in which the attempted claim for elective share was made by the attorney for the surviving spouse). A guardian is appointed to care for the ward's person and to ensure that basic needs are met, and an attorney represents the client's interests at the direction of the client.

In the case at bar, however, Marvin appointed the Petitioner as his Attorney-in-fact, pursuant to the Power of Attorney. The appointment of a power of attorney is a unique entrustment of personal, financial, and legal decision-making capacity. While the Defendant is correct in his assertion that the power to claim elective share is not expressly provided in the

Power of Attorney, the Power of Attorney does grant to the Petitioner the power "generally to perform any other acts of any nature whatsoever, that ought to be done or in the opinion of my attorney ought to be done, in any circumstances as fully and effectively as I could do, if acting personally." The Court, therefore, defers to the opinion of the Petitioner that claiming the elective share of Bertha's Estate is an act that ought to be done as effectively as Marvin could do, if he was acting personally.

The Notice to Take Elective Share made by Marvin on December 10, 2010, signed and acknowledged on his behalf by the Petitioner, Marvin's Attorney-in-fact, constitutes a valid claim under Virginia Code § 64.1-13.

The Defendant's Demurrer to the Petition is overruled.