# CIRCUIT COURT OF RAPPAHANNOCK COUNTY

Jacqueline Thorn Estes

v.

Fallon, Myers & Marshall, L.L.P.,
and Jennifer Moore

May 6, 2016

Case No. CL15-131-00

BY JUDGE THOMAS D. HORNE

This matter came before the Court upon Defendants' Motion for Summary Judgment, Plaintiff's Motion for Partial Summary Judgment, and Plaintiff's Motion To Rule on Defendants' Response to Plaintiff's Discovery Requests.

The Court ruled from the bench on the issue of attorneys' fees, as well as on Plaintiff's Motion To Rule on Defendants' Response to Plaintiff's Discovery Requests. The Court took under advisement the issue of judgment immunity, which was well briefed in the parties' memoranda and ably argued by counsel.

On September 2, 2015, Plaintiff, Jacqueline Thorn Estes, filed her Complaint in Rappahannock County against Defendants, Fallon, Myers & Marshall, L.L.P., and Jennifer Moore.

This matter concerns the actions of Defendants during the course of their legal representations of Plaintiff while seeking benefits eligible to her from the Estate of her late husband, Edwin Adolph Estes, who died on March 27, 2012. Plaintiff contends Defendants committed malpractice in asserting a claim for the spousal elective share by way of filing a counterclaim against the Estate of Edwin Adolph Estes in the Estate's suit for aid and direction. The trial court later dismissed Plaintiff's claim for the spousal elective share based on Plaintiff's failure to comply with Va. Code § 64.2-302.

Virginia Code § 64.2-302 provides, in pertinent part:

> The claim to an elective share shall he made either in person before the court having jurisdiction over administration of the decedent's estate, or by a writing recorded in the court or the clerk's office thereof, upon such acknowledgment or proof as would authorize a writing to be admitted to record under Chapter 6 (§ 55-106 *et seq.*) of Title 55.

Plaintiff contends that, as a matter of law, Defendants committed malpractice by failing to strictly adhere to the requirements of § 64.2-302.

Contrariwise, Defendants contend the plain application of the judgment immunity rule as set forth in *Smith v. McLaughlin*, 289 Va. 241, 769 S.E.2d 7 (2015), insulates them from Plaintiff's legal malpractice claim. The Court in *Smith* held that, "if an attorney exercises a 'reasonable degree of care, skill, and dispatch' while acting in an unsettled area of the law, which is to be evaluated in the context of 'the state of the law at the time' of the alleged negligence, then the attorney does not breach the duty owed to the client." 289 Va. at 255, 769 S.E.2d at 14 (citing *Ripper v. Bain*, 253 Va. 197, 202-03, 482 S.E.2d 832, 835-36 (1997); *Heyward & Lee Constr. Co. v. Sands, Anderson, Marks & Miller,* 249 Va. 54, 57, 453 S.E.2d 270, 272 (1995)).

Defendants assert the state of the law regarding the interpretation of § 64.2-302 at the time of the alleged negligence was unsettled, and, therefore, Defendants did not breach the duty owed to Plaintiff.

Plaintiff, on the other hand, contends the statute and the case law are clear and settled.

Ordinarily, the determination of whether an attorney breached his or her duty to his or her client is a question of fact "to be decided by a fact finder, after considering testimony of expert witnesses." *Smith*, 289 Va. at 253, 769 S.E.2d at 13 (citation omitted). However, this determination becomes an issue of law when "reasonable minds could not differ" on the issue. *Smith*, 289 Va. at 255, 769 S.E.2d at 14 (citations omitted).

Here, this Court finds that reasonable minds could differ on the issue of whether the state of the law at the time of the alleged negligence, *i.e.,* the interpretation of § 64.2-302, was unsettled.

As both parties acknowledge, in *Haley v. Haley*, 272 Va. 703, 636 S.E.2d 400 (2006), wife's attorney purported to make an election on her behalf by filing a document in the appropriate clerk's office that was signed on her behalf by the attorney but not acknowledged. The Supreme Court affirmed the trial court's decision, holding that one seeking to elect under § 64.1-13 (the former § 64.2-302) "must strictly comply with [its] requirements" and, as the document in question was not acknowledged, it was ineffective as a matter of law. *Haley*, 272 Va. at 707, 636 S.E.2d at 402.

In a survey of legislative and judicial developments in 2007 in the areas of wills, trusts, and estates, and in a brief discussion of *Haley*, the esteemed Professor J. Rodney Johnson noted the *Haley* Court "did not reach one part of an issue *that has long been debated among Virginia lawyers* — whether

an augmented estate election can be made on a surviving spouse's behalf by the spouse's attorney." J. Rodney Johnson, "Wills, Trusts & Estates," 43 *U. Rich. L. Rev.* 435, 472 (2008) (emphasis added).

Accordingly, this matter in inappropriate for summary judgment at this time.

Defendants' Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment are hereby denied.